# Commonwealth ex rel., Appellant, *v.* Washington City et al.

*Constitutional law—Amendments—Objection after approval by people—Act of May 13, 1915, P. L. 306—Election law.*

1. After the people of the State, or of any part thereof, have, in their sovereign capacity and pursuant to a right reserved in their constitution, voted to alter the character of their state or local government, it is too late to challenge their right so to do.

2. Where, without previous objection, a change has been made by the people in their political institutions, the question of their right so to do, at the time they did, is no longer a judicial one.

3. Not decided whether the Act of May 13, 1915, P. L. 306, violates article XV, section 1, of the State Constitution, in so far as it attempts to authorize the election specified therein to be held in odd-numbered years.

Argued October 5, 1925. Appeal, No. 109, March T., 1925, by plaintiff, from judgment of C. P. Washington Co., Feb. T., 1924, No. 192, for defendants, on demurrer to answer to writ of quo warranto, in case of Commonwealth ex rel. George W. Woodruff, Attorney General, *v.* City of Washington, W. W. Hoyt, Mayor, Samuel Workman, Treasurer, et al. Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Quo warranto. Before BROWNSON, P. J.

The opinion of the Supreme Court states the facts.

Demurrer to answer sustained. Plaintiff appealed.

*Error assigned* was judgment, quoting record.

*Norman E. Clark,* with him *Hughes & Hughes* and *D. I. McAlister,* for appellant.—Before the Constitution was amended the words "general election" had a clear definite meaning by the terms of the instrument itself and it was distinguished from any other election mentioned in the Constitution.

When the people adopted it and said in article XV, section 1, that cities could be chartered at "any general election," this, of course, was so clear that no one would claim that such an election could be held at the old February election.

The provisions of the Constitution relating to elections as amended in 1909 and 1913, show that the distinction between general elections and municipal elections is carried out.

Before the amendments were adopted the words "general election" could not by any stretch of the imagination mean the February election and this, of course, accords with all the rules of construction.

Under these rules of construction, when the legislature and the people voted on these amendments they used the same words to designate it "the general election." They did more than this. They not only gave it this name to distinguish it from the other election they were providing for but they also expressly said that this general election could be held only in even-numbered years: Com. ex rel. v. Sharetts, 231 Pa. 525; Penn v. Bruff, 20 Pa. Dist. R. 989.

*Rufus S. Marriner,* of *Wiley, Marriner & Wiley,* with him *A. G. Braden,* City Solicitor, for appellees.—The purpose of the amended Constitution will permit the

term "municipal election" to be deemed a "general election," as that term appears in the article in question: Buckley v. Holmes, 259 Pa. 176; Com. ex rel. v. King, 278 Pa. 280.

OPINION BY MR. JUSTICE SIMPSON, November 23, 1925:

Pursuant to appropriate action by the corporate authorities of the then Borough of Washington, its qualified electors voted, on November 8, 1921, to change its form of government to that of a city of the third class; on April 5, 1923, the Governor issued letters patent to the new city, constituting and erecting it as a body corporate and politic; on November 6, 1923, the individual defendants were duly elected as officers of the city government; and on the first Monday of January, 1924, they began, and constantly since then have continued in, the performance of the duties of their respective offices.

No objection was made while those proceedings were going on, but shortly thereafter the Commonwealth, on the relation of its attorney general, filed a suggestion praying that a writ of quo warranto be issued against the city, requiring it to show by what authority it claimed to be a city of the third class, and against its said officials to show by what warrant they claimed to exercise their respective offices. The writ was allowed and served; to the defendants' answers the Commonwealth demurred; argument was had thereon, and judgment entered for the defendants; from this the Commonwealth prosecutes the present appeal.

The only question argued below and here, was and is: Does the Act of May 13, 1915, P. L. 306, violate article XV, section 1, of the Constitution of the State, in so far as it attempts to authorize such elections to be held in odd-numbered years, since article VIII, section 2, which originally declared all fall elections to be general elections, was amended in 1909 to limit that term to those held in even-numbered years? This record does not call for a decision of that question. We held in Armstrong

v. King, 281 Pa. 207, and Hollinger v. King, 282 Pa. 157, that where the people of the State, in their sovereign capacity and pursuant to a right reserved in their Constitution, had voted to alter their frame of state government, their action became final and conclusive, and could not thereafter be attacked in any form of proceeding. No valid reason can be given why the same rule should not be applied where, as here, a specified portion of the people, in a like capacity and pursuant to a similar reservation (article XV, section 1, supra), vote to alter the frame of their municipal government. In each, since there has been "a change made by the people in their political institutions,......the question is no longer judicial": Armstrong v. King, supra, page 222.

The judgment of the court below is affirmed.