# Pokis, Appellant, *v.* Buck Run Coal Co.

*Workmen's compensation—Injury from illegal act—Mines and mining—Improper interference with machinery—Act of June 2, 1891, Rules 25 and 48, P. L. 176.*

1. A workman who is injured while committing a misdemeanor, forbidden by the act of assembly regulating the employment in which he is engaged, cannot recover compensation for his injuries.

2. Where an employee in a coal mine manipulates a mine car in violation of Rules 25 and 48 of the Act of June 2, 1891, P. L. 176, and is injured, he cannot enforce compensation for his injuries from his employer.

Argued February 8, 1926. Appeal, No. 263, Jan. T., 1925, by plaintiff, from judgment of C. P. Schuylkill Co., Sept. T., 1924, No. 205, reversing decision of Workmen's Compensation Board, in case of Anna Pokis v. Buck Run Coal Co. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART and SCHAFFER, JJ. Affirmed.

Appeal from decision of Workmen's Compensation Board. Before BECHTEL, J.

Decision reversed. Plaintiff appealed.

*Error assigned* was, inter alia, decree, quoting record.

*Roger J. Dever,* for appellant, cited: Flucker v. Steel Co., 263 Pa. 113.

*J. F. Mahoney,* with him *L. L. Frank,* for appellee, cited: Kuca v. Coal Co., 268 Pa. 163; Callihan v. Montgomery, 272 Pa. 56; Walcofski v. Coal Co., 278 Pa. 84.

PER CURIAM, March 15, 1926:

The compensation authorities made an award to claimant, which the court below reversed, and this appeal followed.

The question involved turns on a point of law, not of fact, namely, Did claimant's deceased husband, John Pokis, so breach the mining laws of this Commonwealth as to forfeit the right to compensation for accidental death in the course of his employment with defendant mining company?

The compensation authorities answered the above question in the negative, and the court below in the affirmative, the latter saying, inter alia: "The facts are not in dispute. Claimant's deceased husband, who was employed by defendant as a timber man, with a fellow employee, quit work August 24, 1923, about 1:50 a. m. All other employees about the same place had already gone home. It was the custom for the employees, in leaving the mine, to either walk or ride down the plane to the bottom and from thence be hoisted to the surface. When they arrived at the top of the plane, the employee who usually operated the hoisting machine had quit work and the deceased started the engine and hoisted the car to the top of the plane. He then manipulated the switch that started the [car] on its downward course, jumped on the [car] and started down the plane on his way to the hoist. His fellow employee walked down the plane, having refused to ride with deceased, and found the [latter] at the bottom of the plane dead. ......Defendant contends that [the act of Pokis in] riding down the plane on the car.......was a violation of Rules 25 and 48 of the mine laws, June 2, 1891, P. L. 176. Rule 25 [of article XII] provides that 'Any person

......who shall knowingly or wilfully......handle, without proper authority, or disturb, any machinery or cars, or do any other act or thing whereby the lives or health of persons or the security of the property in or about a mine or colliery are endangered shall be guilty of an offense against this act.' Rule 48 provides that, 'No miner or laborer shall run cars out of any breast or chamber or on any gravity road unless he is a suitable person, employed by the mine foreman for that particular work; and no person shall be employed by any mine foreman to perform such work, under the age of sixteen years.' And article XVII, section 4, of the act...... provides that 'All offenses under this act are declared to be misdemeanors [punishable as penal offenses]'...... The sole question before the court is,......Was the action of the deceased a violation of the rules hereinbefore set forth? We do not agree with the interpretation placed by the board upon section 25, that it obviously refers to malicious and unwarranted interference with mine machinery. While it may be true that it does include such an offense, we think that the language is capable fairly of a broader construction......It is made a [penal] offense to disturb any machinery or cars and that is just what deceased did in this case. In addition to this, Rule 48 prohibits any miner or laborer from running any cars on any gravity road unless he be employed by the mine foreman for that particular work. It is conceded that deceased was not so employed and had no authority to run cars on this particular gravity road at the time he undertook so to do. We are therefore of opinion that his action was a violation both of Rule 25 and Rule 48, rendering him liable to punishment for the commission of a misdemeanor. This being so, the language in Walcofski v. The Lehigh Valley Coal Company [278 Pa. 84, 88] is particularly applicable to this case, [and in view thereof] the board erred in allowing compensation."

We agree with all that is said in the above excerpts from the opinion of the court below, which sufficiently covers the case.

The judgment is affirmed.