### Dalton v. Gray Line Motor Tours.

*Workmen's compensation—Injury from assault because of employment and not for personal reasons.*

An employee of a motor bus company, engaged to solicit passengers in a certain locality, is entitled to compensation for injuries sustained in a sudden quarrel which arose, concerning the solicitation of certain passengers, between himself and another employee engaged in the same work, the violence in such case having been directed against claimant as an employee or because of his employment and not because of reasons personal to himself.

Appeal from Workmen's Compensation Board. C. P. No. 1, Phila. Co., Dec. T., 1927, No. 10809.

*Todd Daniel*, for plaintiff; *Louis Wagner*, for defendant.

KUN, J., June 5, 1928.—This is an appeal from the affirmance by the Workmen's Compensation Board of the disallowance by the referee of claimant's petition for compensation. The defendant conducts sight-seeing busses in Philadelphia. The claimant was in the employ of the defendant on July 13, 1926, as a solicitor of passengers for its sight-seeing busses, his post being around the front of the Keith's Theatre Building on Chestnut Street below Twelfth Street. Defendant had another solicitor, Heaton, whose post was in the next block west, around the front of the Adelphia Hotel, on Chestnut Street, between Twelfth and Thirteenth Streets.

Heaton had solicited two passengers for the nine o'clock bus on the day mentioned, and ran ahead of them towards Keith's Theatre Building, whence

the busses started out to get them on the bus, but it had left. Returning towards his post, Heaton saw the claimant, Dalton, selling two tickets to his prospects in front of a store three buildings west of the Keith's Theatre Building. After the tickets had been sold, the claimant, Dalton, returned to his post in front of Keith's Theatre, where Heaton told Dalton the prospects were his, and he, Dalton, should not have sold them the tickets. Dalton told Heaton not to worry about it; that he would give him the commission that night. Heaton replied that he was not complaining about the commission, but about the interference with his work. Heaton thereupon started back towards the Adelphia Hotel, and when he got a short distance west of Keith's Theatre he met another employee, one Redman, and engaged him in conversation. The claimant, Dalton, in passing, then stopped and said to Heaton, "What are you doing, belly-aching about that?" Heaton replied, "That is all right." Then Dalton remarked that if he, Heaton, wanted to say anything more about it that they go around in an alley. Heaton said, "Let's go." Claimant, Dalton, touched Heaton on the arm, but did not raise his arm to strike him. Heaton thereupon struck claimant, Dalton, a blow in the right eye, as a result of which it was necessary to remove it. The whole occurrence took place in several minutes.

The Workmen's Compensation Board was undoubtedly correct in its first finding that the point on Chestnut Street where the occurrence took place was undoubtedly premises to Dalton while he was soliciting business or looking for prospects on behalf of the defendant. The duties of the defendant's solicitors, the claimant, Dalton, and his fellow-employee, Heaton, were to more or less cruise in and around their respective stations on the same street, and their posts were so close to one another that, in the usual and natural course of their employment, they would, as they did, come in contact with one another in the prosecution of their duties, and because they were employed, not on a salary, but on a commission basis, the very nature and circumstances of their employment was likely to produce the kind of contention between them which might result, as it did, in open conflict, and in this instance of very serious consequences to the claimant.

The board stated: "Had Heaton, when Dalton was passing by on this mission, assaulted him because of this ticket transaction, the injury received would have come within the provisions of the Compensation Act," adding: "Dalton took himself out of the course of his employment at the moment he used offensive language to Heaton, in taking him by the elbow made a technical assault, and is, therefore, in violation of the law as well."

In this we think the board erred. It is clear to the court that the assault on the claimant by his fellow-employee followed the dispute about "the ticket transaction," and as it is conceded that the place where the injury was inflicted was premises of the defendant, it seems quite clear that it is compensable, even though the claimant was not at the time furthering his employers' business, if, nevertheless, the violence was directed against him as an employee or because of his employment.

The court has been unable to find any evidence in the case to justify the finding of the board that the claimant violated the law, such as, within the meaning of the term as it has been interpreted, would deprive him of compensation.

The case narrows down to the question whether the facts in it bring it within the exclusive provision of section 301 of the Workmen's Compensation Act, that compensable injuries "shall not include an injury caused by an act of a third person, intended to injure an employee because of reasons personal to him and not directed against him as an employee or because of his employ-

Dalton v. Gray Line Motor Tours.

ment." There is nothing in the case to indicate that Dalton was injured because of personal reasons on the part of Heaton disconnected from their employment. The evidence fails to disclose any personal enmity on the part of Heaton against Dalton. The altercation between them arose from the sale of tickets for and on behalf of the defendant, which was their common employment, the circumstances of their employment being such, as has already been indicated, as to provoke just such disputes.

The burden rested on the defendant to show the claim came within the exception to liability as defined by the act, and that the injury resulted from an attack arising from personal difficulties between the parties. The defendant in this case failed in any sense to meet that burden.

The recent case of Meucci v. Gallatin Coal Co., 279 Pa. 184, in which compensation was awarded for the loss of an eye, resulting from an altercation between the claimant there and his foreman, is ample authority for awarding compensation to the claimant in this case.

It is to be noted that in the case cited the first blow was struck by the claimant, whereas in the instant case, according to defendant's evidence, the claimant simply touched or took hold of Heaton's elbow, without raising his arm to strike him. In other words, in no sense did the claimant strike a blow. It cannot be said, therefore, that because the claimant, Dalton, merely touched Heaton's arm, he committed a violation of the law, such as to deprive him of compensation.

A violation of law, such as will deprive a claimant of compensation, must be some act amounting to a grievous battery, commission or attempt to commit a felony (Curran v. Vang Construction Co., 286 Pa. 245; McDevitt v. Checker Cab Co., 288 Pa. 394), or the violation of some statutory provision relating to the employment, though only a misdemeanor (Pokis v. Buck Run Coal Co., 286 Pa. 52), and in such a case the evidence to refute the claim should at least approximate that required in criminal cases: Labuck v. Mill Creek Coal Co., 292 Pa. 284.

The defendant has utterly failed to show the claim came within the exceptions to liability as defined by the act, nor could it very well under the practically admitted facts in the case.

The action of the Workmen's Compensation Board in disallowing the claimant's petition for compensation is reversed, and the board is directed to allow the claimant, Dalton, such compensation as he may be entitled to receive under the Workmen's Compensation Act.