# Curran v. Vang Construction Co. (et al.), Appellant.

*Workmen's compensation—Workman killed while attempting to commit a felony—Act of June 2, 1915, P. L. 736.*

1. Where a workman meets his death on his employer's premises and in working hours while committing or attempting to commit a felony, no compensation can be awarded to his dependents.

2. Where a workman in an angry rage assaults another employee and threatens his life, and then arms himself with a deadly weapon and viciously renews the assault, and is shot and killed before he can do further harm, and the person who kills him is acquitted as acting in self-defense, the court is justified in finding that the workman was killed while committing or attempting to commit a felony.

3. In such case section 301 of the Act of June 2, 1915, P. L. 736, directly applies, inasmuch as the deceased came to his death by an act of a third person directed against him personally, and not against him as an employee or because of his employment.

Argued March 16, 1926. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 49, March T., 1926, by Vang Construction Co., defendant, from judgment of C. P. Allegheny Co., Jan. T., 1926, No. 213, affirming decision of Workmen's Compensation Board, awarding compensation in case of Alice Curran v. Vang Construction Co. and Indemnity Insurance Co. of North America, Insurance Carrier. Reversed.

Appeal from decision of Workmen's Compensation Board awarding compensation. Before ROWAND, J.

Decision affirmed. Defendant, Vang Construction Co., appealed.

*Error assigned* was, inter alia, judgment, quoting record.

*Harry J. Nesbitt,* with him *Murray J. Jordan,* for appellant.—The deceased was killed while committing an assault with intent to kill: Whychulis v. P. & R. C. & L. Co., 12 Dept. Rep. 46.

Claimant's cause is based on an illegal and criminal act, and as a matter of public policy cannot be upheld: Walcofski v. Coal Co., 278 Pa. 84.

Curran was not injured in the course of his employment.

*John C. Sherriff,* with him *Paul E. Hutchinson,* for appellee.—There being competent evidence in the record to support the referee's finding of fact that Curran sustained accidental injury in the course of his employment, such finding should be affirmed.

A quarrel arising out of the employment and terminating in an assault upon one employee by another employee on the master's premises where the presence of injured was required by the nature of his employment, constitutes an injury in the course of deceased's employment within the meaning of the Workmen's Compensation Act: Meucci v. Coal Co., 279 Pa. 184; Hale v. Brick Co., 75 Pa. Superior Ct. 454.

The quarrel in the case at bar arose out of Curran's employment and resulted in the shooting of Curran by Smith on the master's premises where the presence of Curran was required by the nature of his employment: Meucci v. Coal Co., 279 Pa. 184.

Opinion by Mr. Justice Walling, April 19, 1926:

In 1923 defendant was engaged in construction work along the line of the Baltimore & Ohio Railroad in Allegheny County and, for the accommodation of its workmen, had a Pullman car divided into a sleeping apartment, dining room and kitchen.   Joseph Curran was employed in the latter as cook, and had been for about ten days, when, on September 20th, he became angered at the defendant's rule requiring the approval of the superintendent and timekeeper of all orders for supplies and, failing to secure a waiver thereof, decided to quit at once and demanded his pay.   The timekeeper told him to continue for the day and he would receive his pay the next morning, as he could not quit without giving one day's notice.   Curran, who had been drinking, became very insistent on immediate pay and tried to forcibly prevent the timekeeper from boarding an outgoing train.   Failing in this, he prepared the supper, then renewed his demand to George W. Smith, the superintendent, from whom he received a like answer. Being very angry, he kicked at Smith's head as he was stepping off the car, threw an open pocket knife at him and threatened his life, but no harm was then done and Curran returned to the kitchen.   Shortly thereafter,

while Smith and other employees were in the dining-room, Curran came in with a large butcher knife in his hand, and approached Smith with threats and menaces, who, deeming his life in danger, as he was very small and Curran very large and armed with the butcher knife, which he declared he would not drop until he had fixed Smith, the latter shot him with a revolver, inflicting a mortal wound. Smith was tried and acquitted on the ground of self-defense. Plaintiff brought this proceeding before the compensation board on behalf of two small children to whom the deceased stood in loco parentis. The referee awarded compensation; this being affirmed by the compensation board and lower court, defendant has appealed.

The award cannot stand. The shooting of Curran was not an accident sustained by him while in the course of his employment as provided in section 301 of the Act of June 2, 1915, P. L. 736, 738. True, it was on the master's premises and during working hours; but when Curran armed himself with a deadly weapon, left the kitchen and went in search of Smith, manifestly intending to take his life or do him great bodily harm, he voluntarily abandoned his status as an employee and became a criminal, obstructing and not furthering his master's business, and bringing upon himself the injury for which compensation is sought. No case has been called to our attention, from this or any other jurisdiction, and we have found none, where, under such facts, compensation was allowed. Claimant's rights are no higher than those of the deceased. In Walcofski v. Lehigh Val. Coal Co., 278 Pa. 84, we hold, in an opinion by Mr. Justice KEPHART, that compensation cannot be had for injuries to an employee while violating the statute by going into a forbidden section of a mine; see also Kuca v. Lehigh Val. Coal Co., 268 Pa. 163. In Pokis v. Buck Run Coal Co., 286 Pa. 52, it is held in a per curiam opinion written by the Chief Justice, that the death of a miner while running a gravity car, for which service he was not employed

and which was a misdemeanor under the mining stat-
utes, precluded his widow from obtaining compensation.
The reason of these cases is applicable here, for if com-
pensation must be denied because the injured party was
hurt while committing a misdemeanor, for a greater
reason it must be denied if hurt while committing or at-
tempting to commit a felony.    Skinner's Pennsylvania
Workmen's Compensation Law, page 47, says: "The
courts will not allow compensation to an employee who
is injured while performing an act which is a violation
of the criminal laws of the State.   To sustain the act of
a claimant 'as at best contributory negligence' would
be to set up a quasi legal excuse for the commission of a
crime.   'The offense is not obliterated by the provision
calling for punishment, nor by its enforcement.   The
law will not permit the offender, the penalty paid or un-
paid, to otherwise reap substantial fruits from the
crime.'   To allow recovery would force the employer to
pay the criminal for an illegal act."   The injury may
be compensable although the employee was not at the
moment actively at work, as for example, during the
lunch hour (Dzikowski v. Superior Steel Co., 259 Pa.
578; Hale v. Savage Fire Brick Co., 75 Pa. Superior Ct.
454), but the rule is that an injury sustained by an em-
ployee, although on the master's premises and in work-
ing hours, is not compensable if at the time the employee
was committing a criminal offense: Fournier v. Andros-
coggin Mills, 120 Me. 236; 23 A. L. R. 1156, and note
beginning on page 1161.   To award compensation for in-
juries sustained by an employee when in the commission
of such an offense as here disclosed would encourage
lawless violence and contravene public policy.

While the referee did not expressly find Curran was
in the act of committing a felony he found facts from
which such conclusion follows.   When a man in an angry
rage assaults another and threatens his life, then arms
himself with a deadly weapon and viciously renews the
assault, there is no room for doubt as to his evil inten-

tion, and, the record of Smith's acquittal being in evidence, the facts sufficiently appear.

Meucci v. Gallatin Coal Co., 279 Pa. 184, relied on below and by appellee, is not a parallel case. There, the employee's only eye was destroyed by a blow of the foreman, the result of trouble arising in the course of the employment and not because of personal ill will to the employee and was therefore prima facie compensable under the statute. And it was there held that the employee was not necessarily deprived of compensation because he committed the first assault. That case might well stand on the ground that the foreman went beyond the right of self-defense and thereby committed an independent crime, as a simple assault and battery will not excuse a mayhem or other grievous bodily harm.

The act particularly provides, by section 301, that "the term 'injury by accident in the course of his employment'......shall not include an injury caused by the act of a third person intended to injure the employee because of reasons personal to him and not directed against him as employee or because of his employment." Here deceased came to his death by no act directed against him as an employee or because of his employment, but by an act directed against him personally as an assailant who evidently intended to kill or do great bodily harm; so again this shows a case not only without the statute, but expressly excepted from it. The instant case in this regard is not like Meucci v. Gallatin Coal Co., supra, where the injury was inflicted during a quarrel about the work and the referee found it was not done because of reasons personal to the employee; here there neither was nor could be such a finding.

The judgment, affirming the award of the workmen's compensation board and referee, is reversed and the award is set aside.