# McDevitt, Appellant, v. Checker Cab Co.

*Workmen's compensation—Death by act of fellow workman—Personal feeling—Act of June 2, 1915, P. L. 736.*

1. No recovery can be had under the Workmen's Compensation Act of June 2, 1915, P. L. 736, for injuries or death by an employee as the result of a fight with another employee over a matter not relating to the employment.

2. Compensation cannot be allowed for the death of a workman who has brought it on himself by his own serious criminal conduct.

3. If an employee commits a grievous battery as a result of which he is shot in self-defense by another employee whom he has assaulted, he for the time loses his status as an employee, and becomes a criminal.

*Workmen's compensation—Findings of fact—Question of law—Competent evidence.*

4. While the court cannot reverse the findings of fact by the compensation authorities on conflicting evidence, yet whether the findings are supported by any competent evidence is a question of law, which may be passed upon by the court.

5. The court will properly reverse an award for the death of an employee killed by a coemployee, where there is no competent evidence whatever that the fight between the two men had any connection with the employment.

6. If the injury had been inflicted by an employee of a rival company a different question might be presented.

Argued January 3, 1927. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 241, Jan. T., 1926, by plaintiff, from judgment of C. P. No. 4, Phila. Co., Dec. T., 1925, No. 12,258, reversing decision of Workmen's Compensation Board, in case of Elizabeth McDevitt v. Checker Cab Co. and United States Fidelity & Guaranty Co., insurance carrier. Affirmed.

Appeal from decision of Workmen's Compensation Board. Before AUDENRIED, P. J.

The opinion of the Supreme Court states the facts. Decision reversed. Plaintiff appealed.

*Error assigned* was, inter alia, judgment, quoting it.

*Samuel Kagle,* with him *Harry A. Mackey,* for appellant.—The quarrel grew out of the employment: Keyes v. Ry., 265 Pa. 105.

The court could not reverse under the evidence: Kuca v. Coal Co., 268 Pa. 163; Callihan v. Montgomery, 272 Pa. 56; O'Rourke v. O'Rourke, 278 Pa. 52; Meucci v. Coal Co., 279 Pa. 184.

*Frederick H. Spotts,* with him *Layton M. Schoch,* for appellee.—The evidence to support a finding of the board was not competent: Vorbnoff v. Machine Co., 286 Pa. 199; McCauley v. Woolen Co., 261 Pa. 312; Curran v. Construction Co., 286 Pa. 245.

The following are believed to be all of the cases in this court where compensation was claimed and granted or refused where the injury resulted from a quarrel: Callihan v. Montgomery, 272 Pa. 56; Maguire v. James Lees Sons Co., 273 Pa. 85; Cawley v. Express Co., 276 Pa. 160; O'Rourke v. O'Rourke, 278 Pa. 52; Meucci v. Coal Co., 279 Pa. 184.

OPINION BY MR. JUSTICE WALLING, February 7, 1927:

The Checker Cab Company and the Yellow Cab Company were rivals in Philadelphia. At the former's garage on Twentieth and Oxford streets, a restaurant was operated for the accommodation of its chauffeurs. On the early morning of November 14, 1924, while Max Newman and a Mr. Northford were eating therein, William C. McDevitt, the deceased, entered; and, as the two former were leaving the place, Northford said to the latter and others therein, "Good night, boys. I guess the fellows at Thirty-First Street will get us," meaning chauffeurs for the Yellow Cab Company, there being a sharp rivalry and bitter feeling between the employees

of the two companies.   To which McDevitt, referring to Newman, replied, "You have got a hell of a fine partner with you; if anything happens he will run." Newman resented this language and McDevitt said to him, "You are as yellow as the Yellow Cabs." This precipitated a fight in which McDevitt was the aggressor, and during which he was shot and killed by Newman.   When tried for the act, the latter was acquitted on the ground of self-defense.   In this proceeding under the workmen's compensation laws, the referee found, inter alia, "that the shooting took place on the premises of the defendant [and] that the fight started on account of and in connection with their employment," and awarded compensation.   This was affirmed by the compensation board, but reversed by the court of common pleas; hence, this appeal by claimant.

We have reached the conclusion that the reversal was inevitable.   In section 301 of the Workmen's Compensation Act of June 2, 1915, P. L. 736, 738, it is provided that "the term 'injury by accident in the course of his employment'......shall not include an injury caused by the act of a third person intended to injure the employee because of reasons personal to him and not directed against him as employee or because of his employment." That governs this case.   While Newman and McDevitt worked for the same company, the record is barren of any evidence of disagreement about their work or of feeling because of their employment.   It was emphatically a personal matter.   Newman fired the fatal shot because of reasons personal to McDevitt, who was beating him. The Checker Cab Company was not interested in the quarrel or responsible for its result.   That both men were in its employ is not controlling nor is the fact that McDevitt told Newman he was as yellow as the Yellow Cabs.   Had the injury been inflicted by an employee of the rival company, a different question might be presented.   Speaking for the court, in Cawley v. American Ry. Exp. Co., 276 Pa. 160, Mr. Justice SADLER holds that

there can be no recovery for injuries sustained by an employee as the result of a fight with a coemployee over a matter not relating to the employment. That is parallel with the instant case.

While the court cannot reverse the finding of facts by the compensation authorities on conflicting evidence, yet whether the findings are supported by any competent evidence is a question of law: Kuca v. Lehigh Valley Coal Co., 268 Pa. 163; Stahl v. Watson Coal Co., 268 Pa. 452; Callihan v. Montgomery, 272 Pa. 56; Roach v. Oswald Lever Co., 274 Pa. 139; O'Rourke v. O'Rourke et al., 278 Pa. 52, and other cases. In the instant case the finding, "that the fight started on account of and in connection with their employment," is not supported by any competent evidence. It is not sufficient that they were thrown in contact because of their employment, or because the question of taxi cabs was discussed by the party on that occasion. The offensive language and the assault were directed against Newman personally and so was his return violence against McDevitt. There was no substantial conflict in the evidence and it does not sustain the above quoted finding. The facts on which the award is based must always be founded on competent proof. See the leading case of McCauley v. Imperial Woolen Co. et al., 261 Pa. 312; also Vorbnoff v. Mesta Machine Co. et al., 286 Pa. 199.

Furthermore, by committing so grievous a battery as rendered the fatal shot an act of self-defense, McDevitt, for the time lost his status as an employee and became a criminal; hence, no compensation can be recovered for his resulting death. In the very recent case of Curran v. Vang Const. Co., 286 Pa. 245, we consider this question and cite relevant authorities, which need not be repeated here. Compensation cannot be allowed for injuries an employee has deliberately brought upon himself by his own serious criminal conduct. To do so would encourage lawless violence.

The judgment is affirmed.