## Shoffler v. Lehigh Valley Coal Co., Appellant.

*Workmen's compensation—Course of employment—Illegal act— Violation of Act of June 2, 1891, P. L. 176.*

1. Under the Workmen's Compensation Act, the fact of employment is not the sole basis for compensation; it requires also that the injury shall have occurred in the course of employment.

2. Under the act, the injury in the course of employment embraces all injuries received while engaged in furthering the business of the employer, and injuries received on the premises are subject to these limitations (1) that the employee's presence must ordinarily be required at the place of injury, or (2), if not so required, the departure of the servant from the usual place of employment must not amount to an abandonment of employment.

3. The cause, the place and the time of the act may, under the compensation law, differ from the requirements of such essentials at common law.

4. The incident necessary to constitute a break in the course of employment must be of a pronounced character.

5. The course of employment does not include (a) injuries received while away from the actual place of employment where the deviation or departure is wholly foreign to the workman's duties and amounts to an abandonment of employment; (b) injuries received in the commission of an act which is in direct violation of law; or (c) an act contrary to the positive orders of the employer.

6. Where an employee of a coal mining company goes, during the time of his employment, upon a locomotive belonging to and on the premises of his employer, and reverses and starts the engine in violation of the Act of June 2, 1891, P. L. 176, and is killed, no compensation can be received for his death, inasmuch as he committed an illegal act, and, when he started the engine, he ceased to be an employee.

7. In such case while the cause and time of death were well within the act, and the place was not unreasonably far from the usual place of employment, and deceased may have been endeavoring to further the master's business, yet his act, in setting the machinery in motion, was in violation of the law, and forfeited the right to compensation.

Submitted May 9, 1927. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 53, Jan. T., 1927, by defendant, from judgment of C. P. Northumberland Co., May T., 1926, No. 382, affirming decision of workmen's compensation board allowing claim, in case of Ella Shoffler v. Lehigh Valley Coal Co. Reversed.

Appeal from decision of workmen's compensation board allowing claim. Before LLOYD, J.

The opinion of the Supreme Court states the facts.

Decision affirmed. Defendant appealed.

*Error assigned,* inter alia, was judgment, quoting record.

*S. W. Rhoads, P. F. O'Neill, F. W. Wheaton* and *Voris Auten,* for appellant.—Decedent was doing something foreign to his employment.

Decedent was violating the provisions of Rule 25 of the Anthracite Mine Act of 1891, P. L. 176.

When Shoffler violated Rule 25 by starting the engine in reverse, he ceased to be an employee of defendant, and his dependents are not entitled to recover compensation: Walcofski v. Coal Co., 278 Pa. 84; Pokis v. Coal Co., 286 Pa. 52; Curran v. Constr. Co., 286 Pa. 245.

*Roger J. Dever,* for appellee.—From the record as made by the testimony, it is very evident that Mr. Shoffler was where his duties required him to be when he met with the accident, and the question as to whether or

not he was in the course of his employment when injured, was a question of fact for the compensation board and the findings of the board being in favor of the claimant were final upon the court below and upon this court in this appeal: Dzikowska v. Steel Co., 259 Pa. 578; Gurski v. Coal Co., 262 Pa. 1; Blouss v. D., L. & W. R. R., 73 Pa. Superior Ct. 95; Hale v. Brick Co., 75 Pa. Superior Ct. 454; Granville v. Coal Co., 76 Pa. Superior Ct. 335; Callihan v. Montgomery, 272 Pa. 56.

OPINION BY MR. JUSTICE KEPHART, June 25, 1927:

At the head of the slope of an anthracite mine belonging to appellant, there were two parallel narrow gauge mine tracks, connected by a cross-over switch. Both tracks led to the head or mouth of the slope, from which loaded cars, run by gravity, were collected on one of the tracks and taken by a mine locomotive to a distant point where the coal was prepared. The same locomotive hauled empty cars to the rim of the "dish" on the other track, whence they were led down to the depression or "dish" by gravity, and from there by rope haulage to the head of the slope.

Deceased was employed as a "spragger" or brakeman in moving the cars. His duties were to see that the empty cars were let down from this "rim" to the "depression," to "sprag" loaded cars dropped from the head of the slope, oil the sheave wheels, and clean up around the place. On the day of the accident, the locomotive had been left standing on the cross-over track by the engineer. Decedent went on board, started it backward, and crashed into the cars standing on the empty track. The engine upset and he was killed. It is the contention of defendant that deceased, in boarding the engine, was not furthering the interest of his employer; that he committed an act wholly foreign to his employment; and that the act constituted a criminal offense; hence, the widow was not entitled to compensation.

It is a general principle in the law of master and servant, that, where an employee voluntarily, and without necessity, abandons his employment, or steps entirely aside from the line of duty, he suspends the relation of employer and employee and puts himself in the position of a stranger or licensee: Spokane & I. E. Co. v. Campbell, 241 U. S. 497, 508; Labatt's Master & Servant, 2d ed., vol. 4, p. 4706.

Under our Workmen's Compensation Act the fact of employment is not the sole basis for compensation. It requires also that the injury shall have occurred in the course of employment. The expression "in the course of employment" as used in the law of master and servant means while injured in the service of the master, and is not synonymous with "during the period covered by his actual employment." Under the Compensation Act, an injury in the course of employment embraces all injuries received while engaged in furthering the business of the employer, and injuries received on the premises, subject to these limitations: (1) the employee's presence must ordinarily be required at the place of injury, or, (2) if not so required, the departure of the servant from the usual place of employment must not amount to an abandonment of employment, or be an act wholly foreign to his usual work; it must be merely an innocent or inconsequential departure from the line or place of duty.

Moreover, the cause, the place and the time of the accident may differ from the requirements of such essentials at common law. The cause may be from the condition of the premises, or from the operation of the employer's business, with neither negligence, contributory negligence, nor wilfullness as factors. The premises must be such as are occupied by, or under the control of the master, or be the place where the master's work is usually carried on; but the employer's premises for the particular employee must ordinarily be the place where his duties are usually carried on.

The time must be during hours of employment. This includes hours of leisure set apart in working hours for rest, recreation, or refreshment, or attending to calls of necessity. It does not include every hour of the day; it does not include the time when the employee is off the premises, not engaged in the employer's business, nor does it include time at home preparing for work, or in coming to or after leaving the premises where the work is done: Palco v. State Workmen's Insurance Fund et al., 289 Pa. 401.

The incident necessary to constitute a break in the course of employment must be of a pronounced character. Though all the above essentials for compensation be present, "course of employment" does not include (a) injuries received while away from the actual place of employment where the deviation or departure is wholly foreign to his duties, and amounts to an abandonment of employment; (b) injuries received in the commission of an act which is in direct violation of the law; or (c) an act contrary to the positive orders of the employer. The cause of the accident in such cases may come within the express terms of the Compensation Act, and the place and the time be in similar accord, and yet no liability attach if the accident happens through any of the three causes just mentioned. The injuries received therefrom do not render the employer liable for compensation. The employee, by his own act, breaks the continuity of employment, and becomes, for that time, a trespasser. See Callihan v. Montgomery, 272 Pa. 56; Dzikowska v. Steel Co., 259 Pa. 578; Blouss v. D., L. & W. R. R. Co., 73 Pa. Superior Ct. 95; Hale v. Savage F. B. Co., 75 Pa. Superior Ct. 454; Granville v. Scranton Coal Co., 76 Pa. Superior Ct. 335; Waite v. Pitts. Limestone Co., 78 Pa. Superior Ct. 7; Walcofski v. L. V. Coal Co., 278 Pa. 84; Palco v. Taylor-McCoy Coal & Coke Co., 289 Pa. 401; Pokis v. Buck Run Coal Co., 286 Pa. 52; Curran v. Vang Const. Co., 284 Pa. 245.

.

The deceased entered a locomotive. He may have been lawfully on the machine, but, when he attempted to operate it, he violated the provisions of the Mine Act. Rule 25 of the Anthracite Mine Act of 1891, P. L. 176, 198, provides: "Any person......who shall knowingly or wilfully handle without proper authority, or disturb, any machinery or cars, or do any other act or thing whereby the lives or health of persons or the security of the property in or about a mine or colliery are endangered, shall be guilty of an offense against this act." Article XVII, section 4, of the act makes "all offenses under this act" misdemeanors. It was found as a fact that "the deceased started the engine in reverse"; by doing this he ceased to be an employee. He handled without authority a machine causing life to be endangered, and property damaged. Decedent was injured as the result of his commission of an act wholly foreign to his employment,—foreign because such an act (the starting of the locomotive in reverse) was not a duty assigned to him, and was not performed by him in furtherance of the interest of his employer, but was a duty specifically assigned to another duly qualified employee. More particularly, it was foreign to the employment of appellee's decedent in that he was guilty of a violation of Rule 25 of the Anthracite Mine Act (such violation being the sole cause of his injury), something clearly not a part of his contract of employment, and declared by statute to be a misdemeanor. The case is controlled by Pokis v. Buck Run Coal Co., supra. In that case it was the custom of the employees in leaving the mine to walk or ride down the plane to the bottom and from thence to be hoisted to the surface. When they arrived at the top of the plane, the employee who usually operated the hoisting machine had quit work and deceased started the engine and hoisted the car to the top of the plane. He then manipulated the switch that started the car downward. He was found at the bottom of the plane dead. Just so in this case. The court below was of the

opinion that there must be an intentional violation of the law. If that were necessary, the fact may be found from the nature of the act, and the consequence of which the violator must have known. The instrumentality was dangerous and could be started only by three movements; it could not be started accidentally. A locomotive must be handled with care by an experienced operator, and when otherwise driven, it became dangerous to life, health and property. Deceased knew that as well as any person who worked about the place. Consequently, while the cause and time of his death were well within the act, and the place was not unreasonably far from the usual place of employment, and deceased may have been endeavoring to further his master's business, yet his act in setting the machinery in motion was a violation of the law, and forfeited the right to compensation.

The judgment of the court below is reversed and the order allowing compensation set aside.