Beamer, Appellant, *v.* Stanley Co. of America et al.

Argued November 28, 1928. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*T. Henry Walnut,* for appellant.—The court may review the conclusion of the compensation board that the employee was *not* injured in the course of his employment: Gurski v. Coal Co., 262 Pa. 1; Berlin v. Craw-

ford, 86 Pa. Superior Ct. 283; Shoffler v. Coal Co., 290 Pa. 480.

The decedent was in the course of his employment at the time of the accident: Dzikowska v. Steel Co., 259 Pa. 978.

There are numerous decisions supporting awards in cases somewhat similar to the present: Siglin v. Armour & Co., 261 Pa. 30; Blouss v. R. R., 73 Pa. Superior Ct. 95; Hale v. Brick Co., 75 Pa. Superior Ct. 454; Granville v. Coal Co., 76 Pa. Superior Ct. 335; Waite v. Limestone Co., 78 Pa. Superior Ct. 7; Malky v. Coal Co., 278 Pa. 552; Berlin v. Crawford, 86 Pa. Superior Ct. 283; Oldinsky v. C. & I. Co., 92 Pa. Superior Ct. 328; Bradley v. Casualty Co., 92 Pa. Superior Ct. 374; Eodice v. Mfg. Co., 92 Pa. Superior Ct. 103.

*George H. Detweiler,* for appellee.—The circumstances of the discharge of the gun were entirely unconnected with, unrelated to, and out of line with, the employment of decedent with defendant: Shoffler v. Coal Co., 290 Pa. 480.

OPINION BY MR. JUSTICE KEPHART, January 7, 1929:

Decedent was killed by the accidental discharge of an automatic revolver, while exhibiting it to some fellow employees. His occupation was that of an assistant manager for a theater company, and his duties were to supervise the theater, see that it was operating properly, and to keep order therein. These duties did not require him to have a revolver about him, and its presence was wholly foreign to his employment. He was not the custodian of any money or other valuable thing which he was called on to protect. His employer did not know claimant had the revolver. The accident occurred on the premises during working hours, in the lobby of the theater, a place where deceased's regular employment required him to be. The court below and the compensa-

tion board found the deceased was not injured in the course of his employment.

In principle, the case is ruled by Shoffler v. Lehigh Valley Coal Co., 290 Pa. 480. That case outlined three situations which the course of employment will not cover. Section 301 of the act, predicating the right to compensation, reads: "The term 'injury by an accident in the course of his employment,' as used in this article ......, shall include all....injuries sustained while the employee is actually engaged in the furtherance of the business or affairs of the employer."

Deceased had in his possession a firearm, a dangerous weapon. He was oiling it, or playing with it, at a place where many people were present. Carelessness in the handling or use of firearms in a place where the accidental discharge of the piece may do injury is wanton negligence, and the accidental discharge of such a weapon to another's injury would subject the party to indictment. But the case need not be put on this ground. No duty was assigned to him requiring the use of a gun. The weapon was carried without defendant's authority, and against its wishes. Deceased met death accidentally while on the premises, but as the result of a commission of an act which bore no relation to his employment. The fact of employment is not the sole basis for compensation. As stated in Shoffler v. Lehigh Valley Coal Co., supra, 485: "He handled without authority a machine causing life to be endangered, and property damaged."

The compensation board and the court below did not err in refusing compensation.

Judgment affirmed.