Opinion by
 

 Stadtfeld,. J.,
 

 This is a workmen’s compensation case. The claimant in this case was a motorman’s helper in the mine of the defendant, and his duties consisted of helping the motorman transport cars to and from the working places of various employees in the section of the mine in which he was employed, and one of his principal duties was to couple and uncouple cars in arranging the trip for movement in the mine.
 

 On February 25, 1936, the claimant had his hand injured by cars coming together while he was in the act of coupling same.
 

 He filed a claim for compensation and after due hearing, the referee disallowed the claim, holding the claimant had violated the Mine Law at the time of the injury. Upon appeal to the Workmen’s Compensation Board, the board reversed the referee, and held the claimant
 
 *51
 
 was not violating any law at the time of the mishap, and made an award in his favor, whereupon, the defendant appealed to the Court of Common Pleas of Luzerne County, which court, in an opinion by Coughlin, J., reversed the board, holding the claimant had violated the Mine Law when injured, and by so doing, took himself out of the course of his employment and directed that judgment be entered for the defendant, whereupon the claimant appealed to this court.
 

 Defendant opposed the claim for compensation solely on the ground that at the time of the injury, the claimant was acting in violation of Rule 46 of the Anthracite Mine Law which reads as follows: “No person shall couple or uncouple loaded or empty cars while the same are in motion: Provided, however, That this shall not apply to the top or bottom men of slopes, planes or shafts.” Act of June 2, 1891, P. L. 176, Art. XII, Rule 46, PS 52, Sec. 453.
 

 The Workmen’s Compensation Board made, inter alia, the following finding of fact: “4. That on February 25, 1936, while the claimant was performing his regular duties, it became necessary for him to shove ten loaded cars onto a siding for the purpose of pulling five ears therefrom. When the loaded cars which were being pushed by the motor were within five feet of the standing cars, claimant signalled to his motorman to stop. The motor stopped. Claimant picked up device on standing cars and the slack stretched out on the ten loaded cars attached to the motor to the extent that the cars came together, squeezing claimant’s hand between them, injuring same.”
 

 Claimant testified that prior to the accident, and prior to the time when the cars came together, he had signalled the motorman to stop and that before the accident occurred, the motor attached to the moving cars had actually stopped. It is clear, however, that the cars attached to the motor had not stopped. The
 
 *52
 
 slack in the coupling chains between the loaded cars allowed the ears attached to the motor to continue to move after the motor had stopped, to the extent at least of the length of the coupling chains, so that the moving cars came in contact with the standing cars despite the stopping of the motor. The undisputed testimony leads to the inevitable conclusion that claimant did not wait until the cars had stopped before attempting to couple the same.
 

 The evidence and admissions upon the part of the claimant himself show a violation of the statutory requirement above referred to resulting in his injury that took him out of the course of his employment, and makes his injury non-compensable as a result.
 
 Shoffler v. Lehigh Valley Coal Co.,
 
 290 Pa. 480, 139 A. 192;
 
 Floyd v. Paulton Coal Mining Co.,
 
 94 Pa. Superior Ct. 1;
 
 Paul Gima v. The Hudson Coal Co.,
 
 106 Pa. Superior Ct. 288, 161 A. 903;
 
 Remo Foresi v. The Hudson Coal Co.,
 
 106 Pa. Superior Ct. 307, 161 A. 910. Quoting from the opinion of Judge Keller (now President Judge) in
 
 Paul Gima v. The Hudson Coal Co.,
 
 supra, at p. 295: “......The commission of an act in direct violation of law, resulting in injury to the employee doing it, deprives him of compensation:
 
 Welsch v. Pittsburgh Terminal Coal Corp.,
 
 supra. (303 Pa. 405, 154 A. 716).” Likewise in the case of
 
 Haywood v. Henrietta Coal Co. et al.,
 
 118 Pa. Superior Ct. 371, 180 A. 34, in the language of Judge Rhodes, at p. 377: “While an activity which is in direct violation of law may, or may not, be at the same time foreign to the course of employment, such violations constitute a separate category and bar the employee’s right to compensation.”
 

 The assignments of error are overruled and judgment affirmed.