Per Curiam,
 

 The claimant in this case was injured on July 17, 1930, while in the course of his employment. A compensation agreement was entered into for total disability, under which compensation was paid him to January 15, 1931, when he returned to work. Subsequently, on September 21, 1931, after an inquiry by the compensation authorities, a supplemental agreement
 
 *342
 
 was entered into and approved by which claimant’s disability was declared to be partial and compensation at $9.75 per week was to be paid him from May 9,1931.
 

 Shortly before the expiration of the 300-week period claimant filed a petition with the Board alleging total disability and asking for a review and reinstatement of the agreement for total disability.
 

 The petition was referred to a referee, who after various hearings and proceedings, not necessary to be recited, made findings that claimant was totally disabled and entered an order setting aside the supplemental agreement and awarding claimant total disability payments of $15 per week from July 24, 1930, with the exception of the time claimant was working for the defendant company, during which period compensation for partial disability was allowed.
 

 On appeal to the Board, the eighth, ninth and tenth findings of fact and second, third and fourth conclusions of law of the referee were set aside and the Board substituted its own findings (8 and 9) to the effect that claimant was only partially disabled and that his disability was not any greater than it was at the time the supplemental agreement was entered into, and dismissed claimant’s petition.
 

 On appeal to the common pleas the Board was sustained. The only question raised by this appeal is whether there is competent evidence in the record to sustain the Board’s substituted findings of fact; for if there is, the judgment sustaining the order of the Board must be affirmed, since the conclusions and order of the Board naturally and legally follow the findings of fact.
 

 We have carefully read the evidence in the record and agree with the court below that there? is ample competent evidence to sustain the Board’s findings of fact. No good purpose will be served by discussing it. The questiou was purely one of fact, the decision of
 
 *343
 
 which rested with the Board;
 
 Hoosca v. Lytle Coal Co.,
 
 129 Pa. Superior Ct. 434, 436, 196 A. 892. Their decision, when supported by competent evidence, is conclusive on the courts.
 

 The judgment is affirmed.