Larkins *v.* Bryant Air Conditioning Corp. et al., Appellants.

Argued October 24, 1938.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and RHODES, JJ.

*A. F. Barbieri,* with him *Wesley, Wagoner, Troutman & McWilliams,* for appellants.

*Joseph Kaplan,* with him *George Schwartz,* for appellee.

OPINION BY STADTFELD, J., December 16, 1938:

This is a workmen's compensation case in which an award was made in favor of claimant by the referee, affirmed by the board and judgment thereon entered by the court in an opinion by FINLETTER, J.

The referee made, inter alia, the following finding of fact which was concurred in by the board: "3. That the claimant on October 12, 1936, was working in the employ of the defendant and on the premises of the defendant when he met with an accident wherein he was assaulted by a former employee of the defendant, without provocation on the part of the claimant, and as a result of the injuries he received, the claimant has permanently lost the industrial use of his left eye."

Claimant was injured while closing the doors of the garage leased by his employer, after the employer's truck was stored therein. It was part of claimant's duty to close the doors. Assailant was "hanging around" and claimant stated, "I told him to get out of the road, so that I could get the doors closed, and he would not get out of the road and he started to 'cuss' me out and the first thing I knew he let me have one." The defendant offered no evidence in contradiction of these facts.

Defendant contends (1) claimant was not in defend-

ant's employ when injured, and (2) the assault was purely personal and not directed against the employee because of his employment.

The determination of factual questions rests with the compensation authorities and its decision, when supported by competent evidence, is conclusive on the courts, even though the courts might be inclined to conclude otherwise were they sitting as a fact finding tribunal: *Magiocco v. U. S. Aluminum Co.*, 131 Pa. Superior Ct. 341, 200 A. 117; *Savolaine v. Matthew Leivo & Sons*, 131 Pa. Superior Ct. 508, 200 A. 243.

Quoting from the opinion of the board: "The evidence is substantially uncontradicted that when the claimant suffered his injury, he was still at work for the defendant and following the duties of [his] employment, as had been his custom every day during his employment. After being away with a fellow employe on a truck in discharge of their duties at another place, they were returning and both were engaged in putting the truck back in defendant's private garage. This work had not yet been completed when the assault took place and the assault was made right in the entrance to defendant's private garage, so that both as to time and place the work of the claimant had not terminated during the day and he was clearly pursuing his duties while in the course of his regular employment with the defendant."

The defendant failed to meet the burden of affirmatively proving that the injury was caused solely because of reasons personal to the assailant and entirely disassociated from the claimant's employment.

Article III, Sec. 301, Act of June 2, 1915, P. L. 736, provides: "The term 'injury by an accident in the course of his employment,' as used in this article, shall not include an injury caused by an act of a third person intended to injure the employe because of reasons personal to him, and not directed against him as

an employe or because of his employment; but shall include all other injuries sustained while the employe is actually engaged in the furtherance of the business or affairs of the employer, whether upon the employer's premises or elsewhere ......"

The defendant has not brought itself within the exception specified.

In *Kline v. Penna. R. R. Co.,* 101 Pa. Superior Ct. 539, the claimant was assaulted by a co-employee whom the claimant did not know personally. The assault occurred because the claimant refused the fellow employee's request that he (the claimant) turn over his pay check to a preacher. The court held that under the evidence the claimant was entitled to compensation, the defendant not having met the burden of proving the exception contained in Section 301.

In *Schueller v. Armour & Co.,* 116 Pa. Superior Ct. 323, 176 A. 527, an altercation arose between the decedent and a fellow employee concerning the use of an elevator on the premises. The argument became heated, blows were struck, and one was killed. Compensation was allowed. This court said, at p. 328: "Nowhere in the record does it appear that any previous animosity or personal hostility existed between decedent and Pincus, ...... Even assuming that decedent struck the first blow, it still was an altercation which grew out of the business and not as the result of a personal animosity."

After a careful examination of the entire record, we agree with the court below in stating: "We think it evident that the injury was received on the premises, while claimant was engaged in his duties; and was the result of his efforts to clear the way for the truck into the garage, a proceeding which was interfered with by the assailant blocking the way. Evidently the latter took umbrage at claimant's efforts to get him out of the way, which he had both a duty and a right

to do. In short, the claimant was assaulted because he was doing what his employment required him to do."

The assignments of error are overruled and judgment is affirmed.