## Tsatiris, Appellant, *v.* Salkind Painting Company.

Argued November 9, 1954. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE and ERVIN, JJ.

*Francis S. McQuilkin,* for appellant.

*Fred J. Jordan,* with him *Murray J. Jordan,* for appellee.

OPINION BY GUNTHER, J., January 14, 1955:

Claimant was denied workmen's compensation by the referee, the board and the court below on the

ground that his injury was not sustained during the course of his employment. Claimant has died from causes not connected with this injury and his executrix has taken this appeal.

The testimony discloses the following background. Claimant was a painter, who, on September 28, 1951, was discharged by his employer. He thereupon changed to his street clothes and waited around the premises until he engaged in an argument with the man who had informed him of his discharge, a Mr. Collins. The argument concerned the cause of the discharge and claimant's complaints in regard thereto. Claimant became extremely abusive, used vile language and threatened Collins with a steel bolt, whereupon Collins struck claimant and broke his jaw. The board found as facts that the injury occurred on the employer's premises, that claimant had changed to street clothes, had called Collins vile names and threatened him with a steel bolt. The referee, the board and the court below all concluded that compensation was barred by Section 301(c) of The Workmen's Compensation Act, 77 PS §411, which provides that an injury "caused by an act of a third person intended to injure the employe because of reasons personal to him, and not directed against him as an employee or because of his employment . . ." shall not be compensable.

Claimant contends that, in order to deny compensation, the defendant must show that claimant committed a felony, and cites *Curran v. Vang Construction Co.,* 286 Pa. 245, 133 A. 261; *Haas v. Brotherhood of Transportation Workers,* 158 Pa. Superior Ct. 291, 44 A. 2d 776; *Meucci v. Gallatin Coal Co.,* 279 Pa. 184, 123 A. 766, and other similar cases. However, each of those cases involves an employe injured by a fellow employe while actually engaged in the employer's business. Thus, in the *Meucci* case, the employe was struck by his fore-

man in a coal mine because of an argument over the amount of coal mined and during the course of the work. In the *Haas* case, the employe was a janitor who was killed by a visitor after an argument and clearly while the employe was actually performing his duties. Here, the claimant had been fired from his job, had changed to his street clothes, and had no purpose in remaining on the premises other than to engage in an argument. In these circumstances, it is difficult to conclude that this was not a personal fight between claimant and Collins. The real reason for the injury was that claimant insulted Collins, cursed him and threatened him, during an argument instigated by claimant after he had been discharged and at a time when he should not have been on the premises. We conclude that the court below did not err in holding that the injury was sustained through the act of a third person for personal reasons and that compensation is therefore barred under Section 301(c).

Judgment affirmed.