**Enoch v. Penn-Harris Hotel Co.**

*Joshua D. Lock,* for plaintiff.
*Lloyd Persun,* for defendant.

DOWLING, J., November 24, 1975.—In a tragic civil sequel to a heinous criminal act, the victim of a brutal rape has brought an action against her employer for her resultant injuries, both physical and mental, including the contracting of a venereal disease.

She is met at the threshold by the formidable defense of the exclusive nature of The Pennsylvania Workmen's Compensation Act of June 2, 1915, P. L. 736, as amended.[1] In a motion for summary judgment, defendant sets forth that by pleading, stipulation, and deposition, it has been established that plaintiff, at the time of the act, was performing her duties as an elevator operator for the Penn-Harris Hotel which company had maintained Workmen's Compensation insurance and which benefits she had never rejected,[2] thus subjecting both parties to the terms and conditions of the act.

The act provides that the employer's liability is solely that of the benefits provided in the legislation,[3] and defendant cites a strong line of appellate decisions to the effect that the plaintiff cannot maintain either a trespass or assumpsit action against her employers.[4] See Evans v. Allentown Portland Cement

---

[1]77 P.S. §1, et seq.

[2]77 P.S. §431, §461, §462, §481.

[3]77 P.S. §481.

[4]Plaintiff's action against defendant is based upon the following allegations in paragraph 9 of the complaint:

1. It failed to supply any alarm or distress system or any telephone on its elevators by which plaintiff could have alerted others to her distress and by which she could have been saved;

2. It failed to supply personnel sufficient to safeguard the premises from intrusion by miscreants and ne'er do-wells and the employes from wanton acts committed by such individuals;

3. It allowed all types of individuals to enter and roam about the premises at will; this, without any supervision or guardianship with respect to their conduct.

Co., 433 Pa. 595, 252 A.2d 646 (1969); Scott v. C. E. Powell Coal Company, 402 Pa. 73, 166 A.2d 31 (1960).

However, the act also provides an exclusion for any injury caused by the act of a third person who intends to injure the employe because of reasons personal and not directed against the person as an employe or because of his employment.[5]

The underlying facts are not in dispute. In the early morning hours of October 5, 1972, Mrs. Enoch was operating the elevator at the Penn-Harris Hotel. One Sylvester Griffin, a former employe who had been dismissed some weeks earlier, came into the lobby, got in the elevator and directed plaintiff to take him to the mezannine floor where he exited. Shortly thereafter, the elevator was summoned to the twelfth floor where Griffin entered and immediately attacked Mrs. Enoch. The details of the rape are set forth in the court's opinion affirming Griffin's conviction of rape. See 96 Dauph. 153.[6]

It is the contention of plaintiff that the act of rape by its very nature is a personal one, motivated by lust, wantonness, a psychopathic drive, or some equally obnoxious motive totally unrelated to the victim's employment status. It is defendant's position that since plaintiff admits that the injury occurred to her while she was in the course of her employment, the burden is upon her to show that the attack was personal and that such evidence is negated by the record.

The general rule is set forth in 99 C.J.S. 765, §227:

"An injury to an employee assaulted by one not associated with him in the employment is not compensable as not arising out of the employment where there was no causal connection between his employment and the assault, even though the employee was

---

[5]77 P.S. §411.

[6]Affirmed by the Superior Court September 22, 1975.

engaged in performing the duties of his employment at the time of the assault."

In his excellent treatise, Pennsylvania Workmen's Compensation and Occupational Disease, Judge Alexander F. Barbieri refines the general proposition for Pennsylvania at §4.07(4), p. 26:

"Injuries caused by attacks upon employes which are for personal reasons, as distinguished from those which can be attributed to circumstances of the employment of the two persons involved, are excluded out of the provisions of Section 301(c). . . . If the personal attack unrelated to employment exists . . . the immunity of the employer from negligence suits by his employes is not effective."

Counsel have cited numerous cases dealing with assaults upon employes, each turning primarily upon the particular factual situation involved, i.e., whether or not there is any nexus between the employment and the attack. In analyzing these decisions, it is well to keep in mind the procedural posture of the case, i.e., whether or not the action was one by an employe to obtain benefits, in which case the act is liberally construed to admit him within its provisions or whether the situation is, as in the instant case, one where the employe is attempting to evade the act and recover at common law.

Thus, in O'Rourke v. O'Rourke et al., 278 Pa. 52, 122 Atl. 172 (1923), relied upon by defendant, the decedent, after finishing work, left his place of employment accompanied by the foreman for the purpose of collecting an indebtedness due the business and while proceeding on that mission was attacked by two intoxicated men. Compensation benefits were sought and awarded by the Board which noted that the employer did not introduce any reliable testimony to prove that the decedent's death was the result of an attack made on him for reasons personal to him.

In Morrow v. J. S. Murray & Sons et al., 136 Pa. Superior Ct. 277 A.2d 109 (1939), a Workmen's Compensation award was sustained for injuries caused when a fellow employe tossed a firecracker down the plaintiff's shirt while they were working. The court noted that it would have reached the same result even if the firecracker had been thrown by a stranger. Similarly, in Larkins v. Bryant Air Cond. Corp. et al., 133 Pa. Superior Ct. 423, 2 A.2d 868 (1938), an award was sustained to a claimant who lost his eye when, while working, an assailant, a former employe, without provocation, punched him. The court noted there were various factual issues which had been decided by the authorities and the defendant had failed to meet the burden of affirmatively proving that the injury was caused solely because of personal reasons.

The two leading Pennsylvania cases involving situations where an employe is attempting to escape the act appear to be Dolan v. Linton's Lunch, 397 Pa. 114, 152 A.2d 887 (1959), and McBride v. Hershey Chocolate Corporation, 200 Pa. Superior Ct. 347, 188 A.2d 775 (1963). In the Dolan case, the employe sued his employer in trespass and was met with a demurrer. The complaint indicated that the plaintiff, while at work, was assaulted by a fellow employe. The Suppreme Court, in overruling the lower court which had sustained the preliminary objection on the basis that workmen's compensation was the exclusive remedy, pointed out that the act excluded attacks or assaults by a third person because of personal animosity which would in no way connect it with the employer's business, stating: "However, if the attack is directed against the employee for personal reasons not connected with his employment, even though the assaulted employee is at that time pursuing the business of his employer, the legislature has stated in

specific terms that the resulting injury is not an 'injury by an accident in the course of his employment' as that term is used throughout the act." The McBride case involved a situation where a fellow employe, during work, seized a hose and discharged scalding steam and water on the plaintiff. The case proceeded to verdict which included a special finding that the injury was the result of personal animosity between the plaintiff and his fellow employe. In affirming the verdict, the court stated:

"While some of this testimony was contradicted, upon the basis of the evidence which we have just summarized the trial judge properly permitted the jury to determine whether Kline's assault was intended to injure the plaintiff for reasons personal to him or whether it was directed against him as an employe or because of his employment. The matter submitted was essentially factual in nature, since it involved an inquiry into Kline's state of mind when he made the attack. The jury could determine it only by resolving conflicts in the testimony and finding the facts and circumstances leading up to and surrounding the assault and drawing proper inferences from the facts so found."

While not cited by counsel, there are a number of cases involving this precise situation, i.e., the rape of an employe while she is performing the duties of her employment.

In a New Jersey decision, Giracelli v. Franklin Cleaners & Dyers, 132 N.J.L. 590, 42 A.2d 3 (1945), compensation was awarded to a girl who, while working alone in a cleaning establishment, was raped by a customer who followed her to a back room where garments were kept. The employer in attempting to deny benefits argued that the attack was from a personal motive which had nothing to do with the service required of the employe. The court held that the crime

was a risk attached to the employment, noting that she was exposed to the attack not as a member of the public but as an employe required to obtain the customer's garments.

In Employers Ins. of Ala. v. Wright, 133 S. E. 2d 39 (Georgia 1963), a stranger, pretending to be a customer, required a laundry manageress to go to a secluded back room to look for a nonexistent laundry package and, while there, raped her at gunpoint. In affirming an award of compensation, the court held that she was required to go to a secluded area because of her employment which thus not only provided the time and place for the attack but increased the risk for such an attack.

In a fairly recent Texas decision, Commercial Standard Ins. Co. v. Marin, 488 S.W. 2d 861 (1972), a woman was raped and murdered as she was about to open a service station before daylight. The court, after a detailed review of Texas cases as well as out of state rape cases, held that her death was sustained in the course of employment and was not excluded by the defense of intentional injury directed at the employe for personal reasons. In reviewing the evidence and affirming compensation, the Texas Court of Appeals noted that in the confession of the rapist there was no hint of any prior relationship of any kind between the decedent and her killer. The court concluded that an assault arises out of the employment if the risk of assault is increased because of the nature of the work.

See The Law of Workmen's Compensation by Arthur Larson, §11.11(b), for discussion and other cases.

It should be noted that in the above three decisions, effort was directed towards securing workmen's compensation benefits and not, as in the instant case, evading them.

It is correct that the burden is upon the plaintiff to show that the act was personal but can we say as a matter of law that Griffin's assault was not directed against Mrs. Enoch for personal reasons? She testified in her deposition that while she did not know him he had worked at the hotel and it was possible that he had seen her and she may have seen him but could not recall (N.T. 57). Griffin, in his criminal trial and as late as August 14, 1975, when he again petitioned for a commutation of his sentence, took the position that he had never committed the crime. However, in a civil trial, if subpoenaed, can we assume as a matter of law that he will take the same position? Should not the plaintiff have the opportunity to see what his testimony might be at trial where he might possibly admit the deed and explain the motives for his attack upon Mrs. Enoch? While this may be somewhat unrealistic, it must be borne in mind that we are being asked to preclude the plaintiff from pursuing this line of inquiry and deny her her day in court. It might appear that the attack had no connection with her employment and that her being in the elevator was purely coincidental as she could just as easily have been a guest in a hotel manipulating a self-operating elevator. There are certain employments which might motivate a sexual assault such as being a go-go dancer at a bar or possibly enjoying the publicity of a centerfold pose in Playboy magazine.

The reasons for rape can be complex and psychologically deep-rooted. In a definitive and exhaustive study of the subject, Susan Brownmiller in "Against Her Will" deals in depth with the hidden currents of male-female relations.

Plaintiff had her night of terror and she is entitled to her day in court. Defendant's motion for summary judgment is dismissed.