## Dickey, Appellant, *v.* Pittsburgh & Lake Erie R. R. Co.

Argued March 19, 1929. Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*Frank C. Link,* with him *Harry E. Richter,* for appellant.—There is competent evidence to support the finding of the workmen's compensation board that Dickey sustained an injury by accident in the course of his employment: Granville v. Coal Co., 76 Pa. Superior Ct. 335; Bradley v. Nairn, 92 Pa. Superior Ct. 374; Zelazny v. Mining Co., 275 Pa. 397; Hunter v. Steel & Wire Co., 293 Pa. 103.

*P. K. Motheral,* with him *Reed, Smith, Shaw & Mc-Clay,* for appellee, cited: Shoffler v. Coal Co., 290 Pa. 480; Hunter v. Steel & Wire Co., 293 Pa. 103; Palko v. C. & C. Co., 289 Pa. 401.

OPINION BY MR. JUSTICE KEPHART, April 22, 1929:

The claimant's husband was employed as a shop watchman for buildings in defendant's yard at McKees Rocks. He lived at West Bridgewater, and was furnished transportation to the station near his place of employment. A boardwalk had been constructed from the station, running parallel with the tracks on the same side for a few hundred feet; thence it crossed the tracks at right angles, and continued to the carpenter shop.

Deceased was instructed repeatedly to use the board-walk from the station to the carpenter shop, as his duties began there and were performed on that part of appellee's property. His duties were not connected with the right-of-way or the main-line tracks through the yard. He was the watchman for the shops and the buildings associated under that name, all on the river side of the main tracks; outside of this he had no duties to perform. The distance from the railroad station along the boardwalk to the carpenter shop was 1,075 feet, but the distance by direct line across the tracks was 400 feet. When deceased left the station, he was seen taking the short-cut across the tracks on the pro-hibited right-of-way to the carpenter shop, and a few minutes before his body was found, an engineer noticed him in front of his engine, crossing the second track from the station. He was evidently killed by another engine that came along immediately afterwards on an-other track.

The referee disallowed compensation, it was reversed by the board, and the court below in return reversed the board and sustained the finding of the referee.

We said in Shoffler v. Lehigh Valley Coal Co., 290 Pa. 480: " 'Course of employment' does not include (a) in-juries received while away from the actual place of em-ployment, where the deviation or departure is wholly foreign to his duties and amounts to an abandonment of employment; (b) injuries received in the commission of an act which is in direct violation of the law; or (c) *an act contrary to the positive orders of the employer."*

While there are authorities which sustain the prin-ciple announced in clause (c) (see Walcofski v. L. V. Coal Co., 278 Pa. 84; Pokis v. Buck Run Coal Co., 286 Pa. 52; Shoffler v. L. V. Coal Co., supra), it cannot be given the broad interpretation here suggested. It was not our intention to deny recovery under the Work-men's Compensation Act for all violations of positive orders, and the cause mentioned in clause (c) as taking

the employee out of the course of employment must be considered in connection with the facts in the cases to which it relates. Because of the scope it is here apparently made to cover, we give this phrase further explanation.

Care must be taken not to confuse the principle enunciated, with negligent acts (Gurski v. Susquehanna Coal Co., 262 Pa. 1), wilful misconduct (Waite v. Pittsburgh Limestone Co., 78 Pa. Superior Ct. 7), or those acts in disregard of positive orders of the employer where the employee's duties included the doing of the act that caused the injury, or where his duties were so connected with the act that caused the injury that, as to it, he was not in the position of a stranger or trespasser. The violation of positive orders under these circumstances does not prohibit compensation for injuries sustained therefrom.

However, injuries resulting from those acts which are in direct hostility to and in defiance of positive orders of the employer concerning instrumentalities, places or things about or on which the employee has no duty to perform, and with which his employment does not connect him, are not compensable under the clause in question. As a concrete illustration, the railroads have printed rules and orders relating to the duties of their employees in the movement of trains. A violation of these rules by one whose duty it is to perform the function which they affect is not a violation under clause (c). An engineer with a red signal against him runs his engine past it and is killed; the violation of the rule and the order, while wilful, is a compensable negligent act. On the other hand, a brakeman who has no duty to perform on the engine gets on board, starts it, runs by the same block and is killed; under clause (c) he cannot recover. This was the situation in the Shoffler and Pokis cases, supra, where an employee who had no duty to perform in each instance started the engine and was killed. While in the cases first cited, sufficient evidence

was found to show a violation of the law as well as of orders, the latter was sufficient to take the employee out of the course of employment.

Here the servant was directed to take a definite way built for that purpose. He followed this course repeatedly as instructed to do; not once, but often. On this morning, in defiance of these positive orders, he left the way, took a short-cut and as a consequence was killed in the attempt. Here was a plain violation of positive instructions. It concerned a matter designed for the safety and protection of employees. He had no duty to perform on the place of the accident or the instrumentality that killed him nor did his work bring him in any manner in contact with them; as to these he was a stranger. To sustain a different theory would weaken the beneficial effect of the law, take from the employer all opportunity to guard against accident and make discipline in a plant merely a thing of words only. Where an employee violates a positive rule as to entering forbidden parts of the owner's premises about which he has no duty to perform, or disobeys instructions against starting machinery or other dangerous agencies with which his work is not connected, and with which he has no business, and an injury results, he not only violates the orders of his employer, but is in the position of a trespasser, who without right, authority or permission enters forbidden ground.

Judgment affirmed.