White *v.* Morris et al., Appellants.

Argued October 5, 1956. Before RHODES, P. J., GUN-
THER, WRIGHT, WOODSIDE, ERVIN, and CARR, JJ. (HIRT,
J., absent).

*Francis Logan,* with him *Penrose Hertzler,* for ap-
pellants.

*David L. Ullman,* with him *A. Allan Goodman,* for
appellee.

OPINION BY WRIGHT, J., December 28, 1956:

In this workmen's compensation case the referee
made an award which was affirmed by the Board and
the court below. This appeal followed. The factual
situation is set forth in the following excerpt from the
opinion of the Board:

"Claimant, George T. White, of 6214 Glenmore Ave-
nue, Philadelphia, Penna., was seriously injured on
February 24, 1953 as the result of an accident on Town-
ship Road No. 812, approximately two miles west of

Manheim in Lancaster County. He was employed as a truck driver operating a tractor-trailer combination owned by the defendant, Milton K. Morris, of Island Road and Laycock Avenue, Philadelphia, and leased by defendant, at the time, to Transamerican Freight Lines.

"Defendant hired claimant and paid him on a commission basis—22% of the amount of the rental receipts plus lodging expense while on the road. Defendant deducted for claimant's social security and withholding taxes. He testified, 'I told him what to do and how to do it. I was his boss. He took orders from me. He was on my payroll'.

"On Saturday, February 21, 1953, defendant, in Philadelphia, instructed plaintiff, in Philadelphia, to take the tractor-trailer combination to Hoboken, New Jersey to pick up a load of steel and return. Claimant did so and storaged the equipment, together with the load, in defendant's garage in Philadelphia, Saturday evening. On Monday, February 23, 1953, defendant instructed claimant to proceed with the tractor-trailer to some additional places in Philadelphia to pick up additional cargo. Claimant did so. Then, in accordance with instructions, he went to the Transamerican Freight Lines office on Ridge Avenue and picked up the bill of lading and other papers relating to the trip. These matters were completed at approximately 5:30 p.m.

"Instead of leaving as instructed by defendant directly from the Transamerican office on Ridge Avenue to the Pennsylvania Turnpike interchange at Norristown . . . claimant returned to his home, washed, changed clothes and rested until 11:00 p.m. He then left Philadelphia over Lancaster Avenue via Route No. 30, stopping at Coatesville, Penna., for coffee and con-

tinuing to Lancaster, Penna. At Lancaster he made a wrong turn and in traveling a township road, missed a turn, causing him to leave the road and strike a tree which resulted in the accident".

Appellants' first and principal contention is that claimant was not in the course of his employment when injured because he had deviated from the prescribed travel route. While our ultimate determination of this issue presents a question of law, *Rybitski v. Lebowitz*, 175 Pa. Superior Ct. 265, 104 A. 2d 161, so far as the factual situation is concerned we are bound by the findings of the Board if they are supported by the evidence: *Nelson v. Borough of Greenville*, 181 Pa. Superior Ct. 488, 124 A. 2d 675. We must bear in mind that a tractor-trailer is placed in the care of its operator for extended trips requiring several days at a time, and the operator ordinarily has some discretion as to route, meals, sleep, fuel, and repairs. See *Lindenmuth v. Steffy*, 173 Pa. Superior Ct. 509, 99 A. 2d 897. The cases cited by appellant can be readily distinguished. *Paulin v. Williams and Co.*, 122 Pa. Superior Ct. 462, 186 A. 415, *Knowles v. Parker Wylie*, 129 Pa. Superior Ct. 257, 195 A. 445, and *Titus v. Sostmann*, 133 Pa. Superior Ct. 201, 2 A. 2d 580, involved salesmen on personal missions. *Shoffler v. Lehigh Valley Coal Co.*, 290 Pa. 480, 139 A. 192, involved the illegal operation of a locomotive. *Kirker v. McIntosh Co.*, 156 Pa. Superior Ct. 199, 39 A. 2d 846, involved a truck operated by an employe on a joy-ride. *Ginther v. Graham Transfer Co.*, 149 Pa. Superior Ct. 635, 27 A. 2d 712, reversed 348 Pa. 60, 33 A. 2d 923, actually supports appellee's position. It was therein expressly held that, so long as the employe was operating the truck for the purpose of delivering the cargo, he was in the course of his employment and the fact that there

had been a deviation was immaterial. Recovery was denied by the Supreme Court on the entirely different ground that the employe had relinquished control of the truck. In the case at bar, the conclusion was properly reached that appellee was in the course of his employment when he was injured. He was doing the very job for which he was employed, namely, driving the tractor-trailer for the purpose of delivering the cargo to the intended destination.

Appellants next contend that appellee violated the positive orders of his employer because he traveled by Route 30 rather than by the Turnpike. They argue "that the employe breaks the continuity of his employment and thus becomes a trespasser with regard to the relationship to the employer". The only case cited is *Shoffler v. Lehigh Valley Coal Co.*, supra, 290 Pa. 480, 139 A. 192, which, as previously noted, presents an entirely different factual situation. The decision in the *Shoffler* case was limited and explained in *Dickey v. Pittsburgh & Lake Erie R. R.*, 297 Pa. 172, 146 A. 543, wherein the Supreme Court pointed out that acts in disregard of the employer's positive orders do not prohibit compensation where the employe's duties included the doing of the act which caused the injury. It cannot be successfully maintained that proceeding west on Route 30 instead of on the Turnpike placed appellee in the position of a stranger to his employer or a trespasser on the truck. See also *Ginther v. Graham Transfer Co.*, supra, 149 Pa. Superior Ct. 635, 27 A. 2d 712. Moreover, the Board found that the direction to use the Turnpike was "in the nature of a suggestion or advice" rather than a positive order, and this finding is amply supported by the evidence.

Appellants next contend that appellee "sustained his injury in the commission of an unlawful act". Their

position in this regard is that appellee participated in loading the trailer and that the combined unit had a gross weight in excess of 50,000 pounds, while the maximum gross weight then permitted by law was 45,000 pounds. The burden in this connection is upon the employer, and the incident necessary to constitute a break in the course of the employment must be of a pronounced character: *Haas v. Brotherhood of Transportation Workers*, 158 Pa. Superior Ct. 291, 44 A. 2d 776. The two cases relied upon by appellants are not controlling. They involve the shooting of an employe, respectively, during a criminal assault, *Curran v. Vang Construction Co.*, 286 Pa. 245, 133 A. 261, and while resisting arrest, *Tarver v. Pierpoint Motors Co.*, 106 Pa. Superior Ct. 189, 161 A. 875. In the case at bar, the employer told appellee what steel, and where, and how much to pick up, and then ordered appellee to deliver the load. Appellants cannot be permitted "to play fast and loose": *Morell v. Buffalo & Susquehanna C. & C. Co.*, 103 Pa. Superior Ct. 316, 158 A. 192; *Lewis v. Pittsburgh Terminal Coal Corp.*, 113 Pa. Superior Ct. 540, 173 A. 859. Furthermore, the evidence does not indicate that the overloading was the cause of the accident. See *Walker v. Nu-Car Carriers*, 164 Pa. Superior Ct. 246, 63 A. 2d 484.

Appellants' next contention that appellee's "intoxication bars recovery" does not merit extended discussion. While there was testimony that appellee had one beer before leaving Philadelphia, and that one witness noticed an odor of alcohol on appellee's breath, there is not one word of evidence that appellee was under the influence of intoxicating liquor, and there was no finding to that effect.

Appellants finally contend that appellee was an employe of Transamerican, not of Morris, citing two cases

for the proposition that one in the general employ of another may be transferred to the service of a third person with respect to particular work: *Robson v. Martin*, 291 Pa. 426, 140 A. 339; *Wall v. Penn Lumber & Mill Works*, 171 Pa. Superior Ct. 512, 90 A. 2d 273. We had occasion to consider this question in the recent case of *Nelson v. Borough of Greenville*, supra, 181 Pa. Superior Ct. 488, 124 A. 2d 675. In the case at bar appellants' contention is completely answered by the language of the lease and the testimony, not only of appellee, but also of his general employer. The Board was fully justified in finding that appellee was an employe of Morris, indeed the record does not warrant any other interpretation.

Judgment affirmed.