## Wolfingbarger *v.* Addressograph-Multigraph Corp., Appellant.

Argued November 10, 1958.   Before RHODES, P. J.,
HIRT, GUNTHER, WRIGHT, ERVIN, and WATKINS, JJ.
(WOODSIDE, J., absent).

*Clem R. Kyle,* with him *V. C. Short,* for appellant.

*Sam R. Keller,* for appellee.

138

OPINION BY WRIGHT, J., December 9, 1958:

In this workmen's compensation case, claimant's decedent was fatally injured on October 29, 1954 as the result of a collision which occurred while he was operating his automobile on the public highway. Finding that, at the time of his death, decedent was "in the course of his employment with the defendant and in the furtherance of the business of his employer", the Referee made an award which was affirmed by the Board. Upon appeal to the County Court of Allegheny County, the employer's exceptions were overruled and judgment was entered for the claimant. This appeal followed.

Leo E. Wolfingbarger had been employed for some five years as a salesman for the Addressograph-Multigraph Corporation. He was paid on a commission basis and traveled in his own car for the use of which he was paid seven cents a mile. His working hours were from 8:30 a.m. until 5:00 p.m. The collision occurred about 2:30 p.m. in Ross Township near decedent's home. In decedent's car at the time were a brief case containing sales material, an addressograph-multigraph machine, and a prospect card-index file. These items were later taken in charge by the employer's office manager. Decedent's assigned territory covered a part of the City of Pittsburgh and Westmoreland County, not including Ross Township. However, decedent was not required to travel any specific routes and had discretion as to what roads he should use in visiting his prospects. He performed some of his duties at home during working hours. All of his proposals were prepared at home, and decedent contacted prospects from his home by telephone. At 8:30 a.m. on the day of decedent's death he reported at the office of his employer. From there he and another salesman went to the Peoples Bank on Fifth Avenue

in Oakland, then to Hanna's Bar & Grill at 301 North Craig Street. They left the bar at 9:30 and returned at noon. The proprietor, called as a witness for the employer, testified that decedent said during lunch that he "had a big order to pick up that day".

Appellant's contention is that claimant failed to prove that decedent was actually "furthering his employer's business interests at the time of his fatal accident". Whether decedent was in the course of his employment at the time of his fatal injury is a question of law to be determined on the basis of the facts: *Walden v. Williams Bros. Corp.*, 167 Pa. Superior Ct. 289, 74 A. 2d 762. It is the province of the compensation authorities to determine such facts either from direct proof, circumstantial evidence, or by inference from other facts: *Haddock v. Edgewater Steel Co.*, 263 Pa. 120, 106 A. 196. When supported by the evidence, the findings of fact by the compensation authorities are binding upon us: *White v. Morris*, 182 Pa. Superior Ct. 454, 127 A. 2d 748. On appeal from an award the evidence must be viewed in the light most favorable to the claimant: *Oliver v. Westinghouse Electric Corp.*, 186 Pa. Superior Ct. 604, 142 A. 2d 486.

Appellant argues that there is no "proven fact in this case upon which to base an inference that decedent received fatal injuries while working within the course of employment". The compensation authorities made the reasonable assumption that decedent was enroute to his home at the time of his death, and then drew the logical inference that he was homeward bound to further his employer's interests. There is no question that decedent met his death during working hours, and that he performed some of his duties at home during those hours. Assuming arguendo that the evidence also permitted an inference that decedent was engaged on a personal mission, the inference to

be adopted was for the compensation authorities: *Podgur v. Otto Eisenlohr & Bros.*, 135 Pa. Superior Ct. 469, 5 A. 2d 603. In the case at bar the compensation authorities were justified in concluding that decedent was acting consistently with his contract of employment and in a manner reasonably incidental thereto. See *Keim v. Burkholder*, 182 Pa. Superior Ct. 460, 127 A. 2d 752. Where an employe starts out on the business of his employer and is later fatally injured, a presumption is raised that he was engaged in the furtherance of his employer's business at the time of the accident and a slight deviation will not take the employe out of the course of his employment: *Kolasa v. Stubnickie*, 110 Pa. Superior Ct. 152, 167 A. 246. The incident necessary to constitute a break in the course of the employment must be of a pronounced character: *White v. Morris*, supra, 182 Pa. Superior Ct. 454, 127 A. 2d 748. See also *Susman v. Kaufmann's Department Store*, 182 Pa. Superior Ct. 467, 128 A. 2d 173.

In the instant case decedent was a traveling employe who met his death during regular working hours. The testimony shows that he was that day expecting to obtain a large order. As pointed out by President Judge LENCHER in his well-considered opinion for the court below: "The course of employment of a traveling worker is necessarily broader than that of an ordinary employe and it should be liberally construed to effectuate the purposes of the Workmen's Compensation Act . . . Not having reached his home yet, he either was still looking for a large order he expected to conclude . . . or the employe had received that order and was on his way to process it". The activity in which decedent was engaged at the time of his death was not so foreign to and removed from his usual employment as to constitute an abandonment thereof. See *Spry v. Polt*, 186 Pa. Superior Ct. 326, 142 A. 2d 484. As

we pointed out in that case, many awards have been sustained on less conclusive evidence. In the case at bar, the presumption of continuing employment arose naturally from the testimony.

Judgment affirmed.