## Paris Linen and Decorating Shops, Inc. *v.* Trumbull.

Argued October 6, 1972, before Judges CRUMLISH, JR., WILKINSON, JR., and BLATT, sitting as a panel of three. Reargued February 5, 1973, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*John P. Knox,* with him *Curtis Wright* and *Timoney, Knox, Avrigian & Hasson,* for appellant.

*Paul J. Senesky,* with him *Galfand, Berger, Senesky, Lurie & March,* for appellee.

OPINION BY JUDGE WILKINSON, March 2, 1973:

The sole issue in this Workmen's Compensation case is whether the decedent was in the course of his employment with the appellant when he was killed. The referee concluded that he was and his finding was affirmed by the Workmen's Compensation Board. The Court of

Common Pleas of Montgomery County likewise affirmed and this appeal followed.

In a Workmen's Compensation case, the Board is the ultimate fact finder. *Fesh v. American Steel and Wire Division, United States Steel Corporation,* 4 Pa. Commonwealth Ct. 84, 286 A. 2d 10 (1972). As found by the Board, the facts here are that the decedent was principally employed as an outside salesman by Elmar Supply Company, calling upon retail stores in a van vehicle supplied by Elmar for that purpose. In addition, and as a separate matter, decedent was employed by appellant as a salesman three nights each week. As part of his duties for appellant, he provided a "shop-at-home" service, which involved calling on prospective customers in their homes and if successful in selling draperies, returning to do the installation should the customer so request. Decedent used the Elmar van when making these "shop-at-home" visits.

On February 28, 1969, the decedent spent the day performing services for his principal employer, Elmar Supply Company. He reported to appellant's place of business at about 7:30 p.m. At some point thereafter, he departed to make a "shop-at-home" visit to the home of a Mrs. Miller. Decedent obtained an order for draperies and left the Miller house about 10:45 p.m. At approximately 11:30 p.m., while returning home, he was involved in an automobile accident near his home. His death occurred the following day as a result of injuries sustained in the accident.

It is important to note that this is not a case where the problem is whether a deviation has removed an employee from the course of employment, as was involved in *Maher v. Hallmark Cards, Inc.,* 207 Pa. Superior Ct. 472, 218 A. 2d 593 (1966). There is no evidence here of a deviation from the normal sequence of decedent's duties *for the appellant.* Nor should the

entire trip for the appellant's business be considered simply a deviation from decedent's Elmar employment merely because he was driving the Elmar truck at the time. Decedent's conduct in reporting to work and making a visit for the appellant was a complete break with his Elmar employment.

Thus, we are confronted with the issue of whether an outside salesman returning home from a business visit is within the course of his employment. This is a question of law. *Maher v. Hallmark Cards, Inc., supra.* Previous cases considering this issue as it relates to traveling employees compel our conclusion that under these circumstances, decedent was in the course of his employment.

In *Wolfingbarger v. Addressograph-Multigraph Corp.,* 188 Pa. Superior Ct. 136, 146 A. 2d 309 (1958), a traveling salesman fatally injured in an automobile accident during business hours was found to be within the course of employment. The Court quoted with approval the statement of the lower court that: " 'The course of employment of a traveling worker is necessarily broader than that of an ordinary employee and it should be liberally construed to effectuate the purpose of the Workmen's Compensation Act. . . .' " 188 Pa. Superior Ct. at 140, 146 A. 2d 309 at 311 (1958).

Any contention that the decedent here is outside the holding in *Wolfingbarger* because on some occasions he worked as a clerk in appellant's shop as well as a traveling salesman is resolved by *Goodman v. University Shop, Inc.,* 195 Pa. Superior Ct. 129, 169 A. 2d 316 (1961). In *Goodman,* the employee worked in a clothing shop in Reading. He had driven to Philadelphia to deliver one order and solict others, and while returning to Reading, he was killed. Finding that the decedent was in the course of employment, the court stated: ". . . the reasonable inference from the found facts is

that he went to Philadelphia on his employer's business, transacted it, and upon returning home the same night was killed. This, we believe, warrants a conclusion that he was engaged in the furtherance of his employer's business when he was killed." 195 Pa. Superior Ct. 129, at 135, 169 A. 2d 316, at 319 (1961).

Paraphrasing for purposes of the case at bar, the reasonable inference here is that the decedent went to the home of Mrs. Miller on his employer's business, transacted it, and upon returning home was killed. We likewise conclude that decedent was engaged in the furtherance of his employer's business and hence within the course of his employment when he was killed.

Affirmed.

_____

DISSENTING OPINION BY PRESIDENT JUDGE BOWMAN:

I respectfully dissent. In my opinion, an outside salesman while returning home after completion of his last activity of the day related to his employment, driving his own vehicle for which he receives no expense reimbursement from his employer and who conducts no business at his place of residence related to his employment is not in the course of his employment and hence not within the coverage of the statute. All authorities agree that an employee returning home from a fixed place of employment in his own vehicle after his day's employment duties are concluded is not within the course of his employment and hence not within the coverage of the statute. Under the facts found by the Board in this case I fail to comprehend a distinction simply because the decedent's employment is characterized as that of an outside salesman.

Judge MENCER joins in this dissenting opinion.