## ASPLUNDH TREE EXPERT COMPANY, Petitioner

v.

## WORKERS' COMPENSATION APPEAL BOARD (HUMPHREY), Respondent.

Commonwealth Court of Pennsylvania.

Argued March 1, 2004.

Decided June 22, 2004.

---

Mark T. Gallagher, Philadelphia, for petitioner.

Kenneth L. Mirsky, Philadelphia, for respondent.

BEFORE: COLINS, President Judge, and COHN, Judge (P.), and MIRARCHI, JR., Senior Judge.

OPINION BY Senior Judge MIRARCHI.

Asplundh Tree Expert Company (Employer) appeals from an order of the Workers' Compensation Appeal Board (Board) which affirmed a decision of a Workers' Compensation Judge (WCJ) granting the claim petition of Scott Humphrey (Claimant). We affirm.

Claimant was employed by Employer as a tree trimmer. On January 11, 2001, Claimant fell from a tree and sustained a broken right arm and damage to the nerves in his arm and hand. On February 16, 2001, he filed a claim petition alleging that his injuries were sustained in the course of his employment. Employer filed an answer denying the material allegations of the claim petition. The WCJ held hearings on the claim petition, at which Claimant testified and presented his medical records. Employer presented the testimony of Scott Bessemer, Claimant's supervisor; William Nieman, Employer's general foreman; and John Schwelm, Employer's Safety Compliance Coordinator and Incident Investigator.

Claimant testimony is as follows. On the date of his injury, he was directed by his supervisor, Scott Bessemer, to prune several limbs on a tree. After Claimant put on his safety equipment, Bessemer placed a ladder against the tree and Claimant proceeded up the tree. When Claimant was halfway up the ladder, Bessemer left the work area to get a pole from the truck. When Claimant got to the top of the ladder, he put his first lanyard around the tree, proceeded until he could go no further, and tied his second lanyard around a limb. At that point, the tree limb with the lanyard snapped and Claimant fell from the tree, landing on his back and breaking his arm.

Claimant went through safety training with Employer and was familiar with Employer's ground-to-sky policy. Claimant understood the policy to mean that an employee not climbing off a ladder must put his climbing rope (also known as a safety line) into the tree first, find a crotch

in which to put the line and tie himself in. At the time of his accident, Claimant did not have his safety line in the crotch of a tree.

Scott Bessemer testified that he told Claimant that he was going to the truck to get a pole to crotch Claimant's rope before he climbed the tree. Claimant was at the base of the tree when Bessemer left. While Bessemer was at the truck, he heard Claimant fall. Bessemer testified that Claimant's climbing rope had not been crotched into any part of the tree. Bessemer also testified that he went over safety rules with his crew every day.

William Nieman testified that he went to the scene of Claimant's accident and took photographs of the equipment Claimant was wearing. Nieman testified that he is quite familiar with Employer's ground-to-sky policy which requires employees to not leave the ground before they are tied-in around the crotch of the tree. From viewing Claimant's lanyards at the scene of the accident, Nieman concluded that Claimant did not follow Employer's policy.

John Schwelm testified that he investigated Claimant's accident. Schwelm visited Claimant at the hospital immediately following the injury and they discussed what had occurred. Schwelm also went to the accident scene. Schwelm concluded, as a result of his investigation that Claimant was free-climbing. Schwelm also identified various document from Employer which set forth Employer's tie-in policy.

On July 3, 2002, the WCJ issued a decision, in which she found that Employer had a policy requiring employees to be tied-into the crotch of a tree with a safety line tied around the tree trunk, that Claimant was aware of that policy, and that Claimant violated the policy. However, the WCJ found that climbing is an essential and material job function of a tree trimmer, and that the prohibited activity,

not being tied-in while climbing, was an activity connected with Claimant's work duties. The WCJ concluded that Employer failed to meet its burden of establishing that the positive order prohibited an activity not connected with Claimant's work duties. Accordingly, the WCJ granted Claimant's claim petition. Employer appealed to the Board which affirmed the decision of the WCJ. Employer now appeals to this Court.

■ On appeal, Employer argues that the WCJ erred in granting Claimant's claim petition where Claimant violated a positive order of Employer. Our scope of review is limited to determining whether constitutional rights were violated, whether the adjudication is in accordance with the law and whether the necessary findings of fact are supported by substantial evidence. *General Motors Corp. v. Workers' Compensation Appeal Board (McHugh)*, 845 A.2d 225 (Pa.Cmwlth.2004).

In *Dickey v. Pittsburgh and Lake Erie R.R. Co.*, 297 Pa. 271, 146 A. 543 (1929), our Supreme Court upheld the denial of workers' compensation benefits to the widow of a watchman who was killed by a railroad engine when he crossed the railroad tracks on a prohibited right-of-way. The watchman had been repeatedly instructed to use a boardwalk from the station to the carpenter shop where he performed his work duties. In cautioning, however, that a violation of a positive order would not always result in a denial of compensation, the Court stated:

> Care must be taken not to confuse the principle enunciated with negligent acts ..., willful misconduct ..., or those acts in disregard of positive order of the employer, where the employee's duties included the doing of the act that caused the injury, or where his duties were so connected with the act that caused the

injury, that as to it he was not in the position of a stranger or trespasser. The violation of positive orders under these circumstances does not · prohibit compensation for injuries sustained therefrom.

However, injuries from those acts which are in direct hostility to, and in defiance of, positive orders of the employer concerning instrumentalities, places, or things about or on which the employee has no duty to perform, and with which his· employment does not connect him, are not compensable under the clause in question.

*Id.* at 175, 146 A.· at 544 (citations omitted).

■ In *Nevin Trucking v. Workmen's Compensation Appeal Board (Murdock),* 667 A.2d 262 (Pa.Cmwlth.1995), this Court held that an employee's violation of a positive order could be utilized by an employer as an affirmative defense to challenge the employee's receipt of workers' compensation benefits. For an employee to be denied benefits based on a violation of a positive order, the employer must prove that (1) the injury was in fact, caused by the violation of the order or rule, (2) the employee actually knew of the order or rule, and ·(3) the order or rule implicated an activity not connected with the employee's work duties. *Id.*

■ In the case before us, the WCJ found that Claimant was aware of Employer's ground-to-sky policy and that he had violated that policy on the day of his injury. The issue to be determined is whether the WCJ erred in finding that Claimant was injured while engaged in an activity connected with his work duties. Employer argues that climbing a tree without a safety line in place is an activity not connected with· the duties of a tree trimmer. Employer contends that climbing a tree with-

out being tied-in is an activity so disconnected from Claimant's job duties as to render him a stranger or trespasser ineligible for workers' compensation benefits.

In *Dickey,* our Supreme Court considered a hypothetical situation where two railroad employees violate the railroad's written rules and orders relating to the duties of its employees in the movement of trains. The Court explained that ·"[a] violation of these rules by one whose duty it is to perform the function which they affect is not a violation under [the Workers' Compensation Act.[1]]" *Id.* at 175, 146 A. at 544. An engineer who is killed when he willfully runs past a red signal in violation of the rule and order commits a compensable negligent act, whereas a brakeman who has no duty to perform on the engine cannot recover when he is killed doing the same act. *Id.*

Claimant's violation of Employer's ground-to-sky policy is similar to the engineer's violation of the rule in the above-example. Claimant was clearly required by the nature of his job as a tree trimmer to climb trees. Although he violated Employer's policy requiring him to be tied-into a tree at all times, his violation is not so disconnected from his duties as to render him a stranger or a trespasser at the workplace. The WCJ thus did· not err in concluding that Claimant met his burden of establishing that he sustained an injury in the course of his employment

Employer alleges that it has extensive safety policies regarding tree climbing and makes great efforts to ensure that all employees are aware of these policies. Employer contends that from a public policy perspective; Claimant's injuries should not be compensable. Employer argues that if employees can violate safety policies and still receive compensation for their inju-

---

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1041.4, 2501–2626.

ries, employers will have little incentive to continue such policies.

It is well settled that the Workers' Compensation Act is remedial in nature and intended to benefit the worker. *Hannaberry HVAC v. Workers' Compensation Appeal Board (Snyder, Jr.)*, 575 Pa. 66, 834 A.2d 524 (2003). Therefore, the Act must be liberally construed to effectuate its humanitarian objectives. *Maple Creek Mining Co. v. Workers' Compensation Appeal Board*, 833 A.2d 1198 (Pa.Cmwlth. 2003). Our holding is consistent with these longstanding principles.

The order of the Board is affirmed.

### ORDER

AND NOW, this 22nd day of June, 2004, the order of the Workers' Compensation Appeal Board in the above-captioned matter is hereby affirmed.