# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

M.A. Beech Corporation, : 
                Petitioner : 
                 : 
            v. : No. 45 C.D. 2017
                 : SUBMITTED: August 4, 2017
Workers' Compensation Appeal : 
Board (Mann), : 
               Respondent : 

BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
                HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

## OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**                **FILED: November 3, 2017**

         M.A. Beech Corporation (Employer) petitions for review of an order of the Workers' Compensation Appeal Board (Board) that affirmed the order of a Workers' Compensation Judge (WCJ) granting the fatal claim petition of Eugenia Mann (Claimant) with respect to the death of her husband Tripat Mann (Decedent). On appeal, we consider Employer's proffered affirmative defense that Decedent violated a positive work order or rule by virtue of his solo operation of an aerial man lift such that he was not in the course and scope of his employment at the time of his fatal accident under Section 301(c) of the Workers' Compensation Act (Act).[1] We affirm the grant of the fatal claim petition.

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 411.

Decedent worked for Employer as a bridge inspector. In June 2013, he was the sole occupant of an aerial man lift at a job site when he became pinned between the lift and the beam of an overpass. Someone working at the site observed him in the lift, slumped over the control panel, with a steel bridge beam across his shoulder and neck. Although the lift was lowered and first aid administered, Decedent died of compression and blunt force trauma of the chest. In September 2013, Claimant filed her fatal claim petition alleging that Decedent sustained his fatal injury during the course and scope of his employment with Employer. In its answer, Employer, *inter alia*, raised the defense that Decedent's violation of a positive work order or rule removed him from the course and scope of employment. The case was bifurcated for a determination as to the applicability of that defense. Following hearings, the WCJ in an interlocutory decision and order determined that Decedent did not violate a positive work order or rule. Subsequently, she granted the fatal claim petition. The Board affirmed and Employer's timely petition for review followed.[2]

The claimant in a fatal claim petition bears the burden of proving all of the criteria necessary to support an award, including an injury arising in the course and scope of employment resulting in the decedent's death. *Reading Anthracite Co. v. Workers' Comp. Appeal Bd. (Felegi)*, 789 A.2d 404, 408 (Pa. Cmwlth. 2001). The question of whether an employee was acting within the course and scope of employment at the time of injury or death is a legal question to be determined from the factual findings and is subject to our plenary review. *Fonder v. Workers' Comp. Appeal Bd. (Fox Integrated)*, 842 A.2d 512, 514 (Pa. Cmwlth. 2004).

---

[2] In March 2017, this Court denied Employer's application for supersedeas.

In addition, where an employer asserts the affirmative defense of an employee's violation of a positive work order or rule, it must prove the following: (1) the injury was, in fact, caused by the violation of the order or rule; (2) the employee actually knew of the order or rule; and (3) the order or rule implicated an activity not connected with the employee's work duties. *Miller v. Workers' Comp. Appeal Bd. (Millard Refrigerated Servs. & Sentry Claims Serv.)*, 47 A.3d 206, 207 (Pa. Cmwlth. 2012). Mindful that the application of this defense amounts to a claim that an employee's injury did not arise in the course and scope of employment,[3] we observe that its application is fact-specific and limited in light of the broad general principle that all injuries sustained by an employee are compensable if they arise in the course of his or her employment and are causally related thereto. *Scott v. Workers' Comp. Appeal Bd. (Ames True Temper, Inc.)*, 957 A.2d 800, 804 (Pa. Cmwlth. 2000). Accordingly, it is necessary for an employer asserting this defense to prove that the employee acted outside the realm of work activities in order to preclude benefits. *Rox Coal Co. v. Workers' Comp. Appeal Bd. (Snizaski)*, 807 A.2d 906 (Pa. 2002).

In the present case, Employer maintains that it satisfied all of the criteria for its affirmative defense and that the WCJ's fact-findings are not supported by substantial, competent evidence. In support, it primarily points to evidence in the record that may have led to a contrary result and asserts that the WCJ arbitrarily erred in failing to reference and/or consider the testimony of certain witnesses. In addition, it asserts that the WCJ failed to issue a reasoned decision pursuant to Section 422(a) of the Act.[4] Employer's position is without merit.

---

[3] *Habib v. Workers' Comp. Appeal Bd. (John Roth Paving Pavemasters)*, 29 A.3d 409, 413 (Pa. Cmwlth. 2011).

[4] 77 P.S. § 834.

As an initial matter, "the WCJ has the exclusive province to determine the credibility of witnesses and to resolve conflicting evidence." *Jamieson v. Workmen's Comp. Appeal Bd. (Chicago Bridge & Iron)*, 691 A.2d 978, 983 (Pa. Cmwlth. 1997). This Court will not reweigh the evidence or substitute our credibility determinations. *Laundry Owners Mut. Liab. Ins. Ass'n v. Bureau of Workers' Comp. (UPMC)*, 853 A.2d 1130 (Pa. Cmwlth. 2004). In addition, the fact that Employer produced different witnesses who gave different versions of the events or that it views the testimony differently from the WCJ is not grounds for reversal as long as there is substantial evidence to support the findings. *Tapco, Inc. v. Unemployment Comp. Bd. of Review*, 650 A.2d 1106, 1108-09 (Pa. Cmwlth. 1994). Further, as long as the WCJ made crucial fact-findings on all of the essential issues necessary for review by the Board and this Court, she was not required to evaluate every line of testimony offered. *Pistella v. Workmen's Comp. Appeal Bd. (Samson Buick Body Shop)*, 633 A.2d 230, 234 (Pa. Cmwlth. 1993).

As noted in our decision denying Employer's application for supersedeas, the WCJ based her decision on all of the evidence of record, including that of Claimant's co-workers and the construction manager for the job site. She found this evidence to be more persuasive than Employer's evidence. In addition, consistent with the requirements for a reasoned decision, the WCJ set forth a rationale so that all could determine how and why she accorded more weight to certain evidence and reached her result. *See Daniels v. Workers' Comp. Appeal Bd. (Tristate Transp.)*, 828 A.2d 1043, 1047 (Pa. 2003) (holding that a decision is reasoned if it permits for adequate appellate review without further elucidation). Nonetheless, we will address Employer's contentions, turning first to the evidence that the WCJ relied upon in determining that it failed to establish a rule prohibiting

inspectors from operating aerial man lifts and, consequently, failed to establish that Decedent knew of such a rule.

As the WCJ determined, the employee handbook during the relevant time period did not contain any specific rule regarding aerial man lifts but provided only in general that an employee "not attempt to use any machine or equipment you do not know how to operate, or if you have not completed training on the proper use of the machine or equipment." October 16, 2015, Decision of WCJ at 4. The WCJ further found that, after Decedent's accident, Employer issued a policy note specifically addressing the situation where an aerial man lift was required to perform work. The change provided that an inspector was to use the contractor who provided the equipment and its qualified operator. Accordingly, she determined that the change implied that Employer had no specific rule in place at the time of the fatal accident. *Id*.

In addition, the WCJ rejected Employer's attempt to establish that Decedent was aware of a general prohibition against using other contractors' equipment by virtue of his attendance at a safety meeting where he completed a sign-in sheet and Employer's general counsel made remarks. As the WCJ found, Employer failed to present evidence that Decedent was there for the entire meeting or that he received any type of handout addressing such a rule. *Id*. at 4-5. In addition, the fact that she disregarded the testimony of Employer's general counsel is of no moment. It is within the exclusive province of the WCJ as the ultimate finder of fact to accept or reject the testimony of any witness, in whole or in part. *Milner v. Workers' Comp. Appeal Bd. (Main Line Endoscopy Ctr.)*, 995 A.2d 492, 496 (Pa. Cmwlth. 2010). The reasoned decision requirement does not diminish her prerogative to determine the credibility and weight of the evidence. *Roccuzzo v.*

5

*Workers' Comp. Appeal Bd. (Sch. Dist. of Phila.)*, 721 A.2d 1171, 1175 (Pa. Cmwlth. 1998).

Further, Employer attempted to establish an order or rule via a PennDOT regulation prohibiting a contractor from using a lift. As the WCJ observed, however, the contract with that prohibition was between PennDOT and another contractor, not between Employer and PennDOT. In any event, she determined that Employer failed to present evidence that Decedent was aware of any PennDOT regulation. October 16, 2015, Decision of WCJ at 4-5.

Moreover, the WCJ rejected the testimony of Employer's witness, Mr. Stape, that he specifically advised Decedent a few months before the accident not to operate an aerial man lift alone. *Id*. at 5. In rejecting that testimony, the WCJ observed that, although Mr. Stape stated that two of Employer's employees were present during that conversation, one employee did not confirm that conversation in his deposition and the other never testified. *Id*.

In addition, the WCJ accepted the testimony of one of Employer's former employees, Mr. Long, who had observed Decedent operating an aerial man lift at former job sites. From that testimony, the WCJ found that Decedent had been using an aerial man lift for years, that Employer did not discipline him, and that he was knowledgeable about its operation. *Id*. at 5. In addition, she concluded that, even if Employer had any type of rule against the use of an aerial man lift by an inspector, it waived enforcing that rule. It was clearly within the WCJ's fact-finding province to draw reasonable inferences from that evidence. *MKP Enterprises, Inc. v. Underground Storage Tank Indemnification Bd.*, 39 A.3d 570, 581 (Pa. Cmwlth. 2012).

Even if we were to assume, *arguendo,* that Decedent did violate a positive work order or rule, it would be appropriate to grant the fatal claim petition. In *Asplundh Tree Expert Co. v. Workers' Compensation Appeal Board (Humphrey)*, 852 A.2d 459 (Pa. Cmwlth. 2004), a claimant who had failed to secure a safety line in violation of a work rule nonetheless was entitled to benefits because he was attempting to trim a tree pursuant to his job duties at the time of his injury. In *Scott*, 957 A.2d 800, where an employee was injured while engaged in an activity that was an essential and material function of his job, his failure to use safety equipment did not constitute violation of a positive work order. As the WCJ similarly determined in the present case, Decedent was attempting to perform his duties as an inspector at the time of his fatal accident. Here, the evidence supports the WCJ's determination that Decedent was required to use either scaffolding or an aerial man lift to inspect bridges, regardless of who operated the lift. As the WCJ concluded: "Decedent was not engaged in something wholly foreign to his employment at the time he was injured but instead was on the lift as he was attending to further the employer's interest but instead had his fatal accident." October 16, 2015, Decision of WCJ at 5. The Board agreed, concluding: "Decedent's use of the man lift was not so disconnected with his regular duties as an inspector to render him nothing more than a stranger or trespasser." December 15, 2016, Decision of the Board at 8. In other words, Decedent was acting within the realm of his work activities.

Accordingly, viewing the evidence in the light most favorable to Claimant as the prevailing party,[5] we affirm.[6]

---

[5] *Lehigh County Vo-Tech Sch. v. Workmen's Comp. Appeal Bd. (Wolfe)*, 652 A.2d 797, 800 (Pa. 1995).

[6] Employer also asserts that the WCJ misstated Employer's position in her decision, *i.e.*, stating that Employer agreed that Decedent died of injuries sustained in a work-related incident

7

_____
**BONNIE BRIGANCE LEADBETTER,**
Senior Judge

---

and that Claimant was entitled to widow's benefits. Such misstatements, however, do not change the result and, at most, are harmless error. Significantly, both the WCJ and the Board considered and rejected Employer's arguments and, consequently, treated this matter as a contested appeal.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

M.A. Beech Corporation,       :
           Petitioner    :
                     :
         v.            :    No. 45 C.D. 2017
                     :
Workers' Compensation Appeal    :
Board (Mann),               :
           Respondent    :

# **O R D E R**

AND NOW, this 3rd day of November, 2017, the order of the Workers' Compensation Appeal Board is hereby AFFIRMED.

 

_____
**BONNIE BRIGANCE LEADBETTER,**
Senior Judge